---

THE DODE.

(District Court, D. Washington, N. D. January 15, 1900.)

MARITIME LIENS—ENFORCEMENT—INTERVENTION AFTER SALE OF VESSEL.
  Where a vessel has been sold pursuant to a decree entered after due notice requiring all claimants to appear, and has been delivered to the purchaser, and the proceeds applied to the discharge of the debts allowed, the sale will not be set aside to permit another claimant to then intervene and prove his lien.

This was a suit in admiralty to enforce liens against a vessel. On motion by an intervening libelant to set aside a sale of the vessel pursuant to a previous decree.

C. D. Emery, for libelants.
Corliss & McKay, for defendants.

HANFORD, District Judge. In this case, after the steamer Dode had been taken into custody under process regularly issued, and the notice required by the rules of practice, requiring all persons claiming the said vessel, or knowing and having anything to say why the same should not be condemned and sold, to be and appear before the court on a specified day to interpose a claim, and to make their allegations, had been given, and after the return day an order of default was taken in open court against all persons who had not theretofore

intervened, and thereafter the court made an order for the sale of the vessel, and on the day that the vessel was sold by the marshal, pursuant to the order of court, on terms previously fixed by the court with the consent of all the parties then before it, J. E. Galbraith comes into the case for the first time, and files an intervening libel, without leave of the court, and without having petitioned the court to open up the default, and without showing any excuse for having failed to intervene on or before the return day. In his intervening libel he does not show that the demand of the original libelant is illegal or unjust, the purpose of his intervention being to enforce a lien which he claims for money advanced to the owners of the steamer to pay off other creditors who had liens for wages and supplies. Under the circumstances recited, it is too late for this intervener to come in and contest the validity or regularity of proceedings already taken in the case. This court has been liberal in allowing late comers to share in the proceeds of admiralty sales when it appears that no injustice will be done, and the court is not required to exercise a doubtful power. When there is a fund in court, it is the purpose of the court to distribute it among those lawfully entitled to share in it, without enforcing technical rules of practice as to the time or manner of presenting claims, but it would be too demoralizing to allow parties to introduce new claims after the fund has gone beyond the control of the court. It has been ruled a number of times by this court, by the circuit court of appeals for the Ninth circuit, and by the supreme court, that an intervener in an admiralty case, who comes in for the purpose of enforcing an independent demand in rem upon the ground that he has a lien upon the vessel, and whose appearance in the case is not entered until after the vessel has been released from custody, acquires no right against the vessel or against the sureties on a bond given for her release; and for the same reasons I must hold that, where the vessel has been delivered to a purchaser, and the purchase money applied to discharge debts allowed by the court, the vessel and the proceeds are then beyond the reach of other creditors who might have enforced liens if they had applied in time. The motion of said intervener to set aside the sale by the marshal will be denied, and said intervener's libel will be stricken from the files.