### THE MOTOR BOAT NO. L-7869.

Circuit Court of Appeals, Third Circuit. September 16, 1927.

#### No. 3577.

1. Courts ⏀502—District Court held without jurisdiction to adjudicate claim for repairs to vessel in custody of customs collector after seizure for violating Tariff Act (Tariff Act of 1922, §§ 602, 607-609, 613 [19 USCA §§ 509, 514-516, 520]).

District Court, sitting in admiralty, did not have jurisdiction to adjudicate claim for repairs to vessel, value of which was appraised at $500, and which had been duly seized by Coast Guard for attempting to land intoxicating liquor in violation of Tariff Act 1922, and which was then in custody of collector of customs, who, in proceeding to sell vessel, strictly followed requirements of sections 602, 607, 609 (19 USCA §§ 509, 514, 516), and, no claims having been filed within 20 days of first publication of notice of seizure and intention to forfeit and sell it as required by section 608 (19 USCA § 515), purchaser at such sale acquired good title as against original owner who purchased it at sale by District Court, in view of section 613 (19 USCA § 520).

2. Courts ⏀502—Facts held to show customs collector did not abandon seizure of motorboat for violation of Tariff Act (Tariff Act of 1922, §§ 602, 607, 609 [19 USCA §§ 509, 514, 516]).

Facts *held* to show that collector of customs did not abandon seizure of motorboat by Coast Guard for attempting to land intoxicating liquor in violation of Tariff Act 1922, so as to give District Court, sitting in admiralty, jurisdiction to adjudicate claims for repairs to vessel, but showed diligence by collector in complying with requirements of sections 602, 607, 609 (19 USCA §§ 509, 514, 516), in selling boat.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Libel by Ralph Earle against the motor boat No. L-7869, with Samuel E. Moreley, or Samuel E. Morley, as claimant. Libel dismissed, and libelant appeals. Reversed, with directions.

H. Edgar Barnes and Winfred N. Stilwell, both of Philadelphia, Pa., for appellant.

Howard M. Long, of Philadelphia, Pa., and Richard S. Wilson, of Trenton, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a final decree of the District Court dismissing the libel against Samuel E. Morley and his motorboat, No. L-7869, which was registered with the collector of customs of Philadelphia, Pa. She was seized on April 24, 1925, at 2 o'clock in the morning, by the United States Coast Guards off Margate City, N. J., while seeking to land a quantity of intoxicating liquor in violation of law. She attempted to escape, but was riddled with bullets from machine gun fire. She sank, and 140 cases of whisky were found floating about the vicinity where she sank. The place where the boat was seized was in district No. 11 of the United States Customs Service, which is in the territorial jurisdiction of the port of Philadelphia. The boat was raised and taken by the Coast Guards to the Coast

Guard base, at the head of Maryland avenue, Atlantic City, N. J.

In accordance with the provisions of section 602 of the Tariff Act of 1922 (42 Stat. 984 [19 USCA § 509]) the seizure of the boat and whisky was reported by the Coast Guard to the collector of customs, who took formal possession of the boat. He left her in the custody of Commander Ridgley of the Coast Guard in Atlantic City, "to watch it, keep surveillance over it, until further instructions respecting it were issued." She was appraised on May 14, 1925, at a value of $500. The collector made a report of the seizure to the Secretary of the Treasury, and sent a copy of the report to the Department of Justice and commandant of the Coast Guard. On May 25, 1925, the collector caused a notice of the seizure and of his intention to forfeit and sell the boat to be published for three successive weeks, May 26, June 2, and June 9, 1925, in the Philadelphia Inquirer, in accordance with the provisions of section 607 of the Tariff Act of 1922 (19 USCA § 514). No person filed any claim to the boat with the collector within 20 days from the date of the first publication, as provided in section 608 of the Act (19 USCA § 515).

Counsel says in his brief that, "no claims having been filed within the required period of 20 days, the motorboat was forfeited on June 16, 1925, to the United States government for the violation of law, and was ordered by the collector to be sold at public auction on June 18, 1925, at the Appraiser's Stores in Philadelphia, in accordance with the aforesaid notice, and in accordance with section 609 of said Tariff Act."

Section 609 of the Tariff Act (19 USCA § 516) provides that: "If no such claim is filed or bond given within the twenty days hereinbefore specified, the collector shall declare the vessel * * * forfeited, and shall sell the same at public auction in the same manner as merchandise abandoned to the United States is sold." It was necessary, therefore, for the collector to "declare the vessel * * * forfeited." Although the record before us does not contain a declaration of forfeiture, we assume that she was duly forfeited before she was sold, for experienced counsel for appellee stated at the argument that the question of forfeiture was not raised or relied upon.

The boat was sold at public auction on June 18, 1925, for $135 to Ralph Earle, the appellant, who was the highest bidder. He paid the money and the collector gave him a receipt and bill of sale.

While the collector was proceeding to sell the boat in accordance with the provisions of the Tariff Act, another proceeding in admiralty was instituted in the United States District Court to sell her. On May 4, 1925, 10 days after she was seized by the Coast Guards, and while she was in the custody of the collector, a libel for repairs to her was filed in court at Trenton by Smith-Edwards Machine Shop of Atlantic City, N. J., to recover the sum of $218.07. A monition was issued and a return made, showing service thereof on May 5, 1925. The claim was ultimately found to be for only $18.07, as $200 had been paid on account of the repairs. On May 19, 1925, a judgment of condemnation and sale was entered by default and a writ of venditioni exponas was issued. The boat was sold at public sale on June 2, 1925, by the United States marshal to the appellee for $180, who appears to have been the owner at the time of her seizure. The sale was confirmed by the District Court on June 5, and a bill of sale for her was given to Mr. Morley on June 13, 1925.

The collector did not know of the proceedings in the District Court to sell the boat, and so on June 18, 1925, he issued a written order on the Coast Guards at Atlantic City to deliver her to Ralph Earle. When Mr. Earle presented the order to the Coast Guards, he learned for the first time of the proceedings in the District Court, the sale and delivery of three days before to Mr. Morley, who refused to surrender her. Mr. Earle filed a libel in the District Court for possession of the boat. Mr. Morley filed his answer and security for the release of the boat and retained possession of her. The case was heard on November 24, 1926, when the libel was dismissed, and the decree is here on appeal.

[1] The question to be determined is whether or not the District Court had jurisdiction of the claim of Morley for repairs against the boat, which had been duly seized and was properly in the custody of the collector by virtue of the provisions of the Tariff Act. The seizure, as above stated, was made in accordance with the provisions of the Tariff Act of 1922, and the procedure prescribed in the act for the sale of seized property was strictly followed. The Coast Guards were authorized to seize the boat, if it was used in violating the laws of the United States. They made immediate report of the seizure to the collector; she was delivered into his custody; he caused the appraiser to determine her domestic value, which was $500; advertisement was duly made, giving any

person an opportunity to file a claim with the collector within 20 days from the date of the first publication of the notice of seizure, stating his interest therein; the collector on June 16, 1925, declared the boat forfeited to the United States, and thereafter duly sold it to the appellant. The boat was thus seized and sold according to law. The collector did not do or omit to do anything which deprived him of power and authority to make a valid sale and vest legal title in his purchaser.

This act, under which the collector proceeded, provided a complete remedy for the disposition of the boat. Section 607 provides that, if the value of the vessel or boat seized does not exceed $1,000, the collector shall cause a notice of the seizure and the intention to forfeit and sell to be published for at least three successive weeks. All of this the collector did, and his sale had the force and effect of a sale under a judicial decree of condemnation, and effectually concluded the rights of all persons interested in the property. The manifest purpose of the act was to save the government the expense and delay of proceedings for a judicial condemnation of property whose value did not exceed $1,000. McGuire v. Winslow (C. C.) 26 F. 304. The provision that any person claiming such vessel may, within 20 days from the date of the first publication of the notice of seizure, file with the collector a claim, stating his interest therein, included the appellee as well as all others. It was the duty of the Smith-Edwards Machine Shop to have filed its claim with the collector, if it had knowledge of the seizure, and, if it did not have, and the sale had taken place without its knowledge, it could have applied to the Secretary of the Treasury for relief at any time within 3 months after the sale, under the provisions of section 613 of the Act (19 USCA § 520). It is unthinkable that Congress intended in the passage of this act to create another jurisdiction for the sale of seized property whose value does not exceed $1,000, and that two procedures for condemnation and sale should go along side by side at the same time, the one in the District Court and the other before the collector, with a race as to which could first effect a sale.

[2] Counsel for the appellee admits this conclusion to be correct as an abstract proposition of law, but says that "the United States custom authorities abandoned their seizure, and the District Court had jurisdiction to direct a condemnation and sale of the boat." If the premise of abandonment is true, the conclusion of jurisdiction in the District Court follows. But the collector did not expressly abandon the seizure. Did his conduct justify the conclusion that he in fact had abandoned it? A restatement of the facts, with dates, will be helpful: The seizure was made on April 24, 1925, about 2 o'clock in the morning; on April 26, 1925, Deputy Collector John R. Agney, for the collector, went from Philadelphia to Atlantic City, and took formal possession of the boat; the next day, April 27, 1925, the collector reported the seizure to the Secretary of the Treasury; on May 14, 1925, the collector caused the domestic value of the boat to be appraised by the appraiser of customs; he made the report of the seizure and appraisement to the Secretary of the Treasury on May 18, 1925, and sent a copy thereof to the Department of Justice and commandant of the Coast Guards; on May 25, 1925, he caused a notice of seizure and intention to forfeit to be published on May 26, June 2, and June 9, 1925; on June 16, he declared a forfeiture, and on June 18, 1925, he sold the boat at public auction to the appellant. These facts do not support the assumption of abandonment, but, on the contrary, show diligence on the part of the collector in complying with the statutory requirements in selling the boat.

We are forced to the conclusion that the District Court did not have jurisdiction to adjudicate the claim of the Smith-Edwards Machine Shop and sell the boat. The decree of the District Court is therefore reversed, with directions to deliver the boat to the appellant, or, if that cannot be done, then proceed according to law against the security deposited for her release by the appellee.