## THE ERMIS (McLENDON MACH. WORKS, Intervener).

District Court, S. D. Florida. July 18, 1929.

No. 3164–J.

L. S. Joel, Asst. U. S. Dist. Atty., of Jacksonville, Fla.

Martin H. Long, of Jacksonville, Fla., for intervening libelant.

JONES, District Judge. On March 17, 1928, the United States filed a libel in this court praying condemnation and forfeiture to the United States of the gas yacht Ermis. The libel alleges specific violations on December 8, 1927, of certain sections of United States Revised Statutes and of the Tariff Act of 1922.

Under date of November 27, 1928, one Joe Palma filed a claim as owner and answered the libel denying the alleged violations of federal laws.

On April 4, 1928, an order of reference was made to take the testimony.

Nothing further has been done in this connection and no testimony appears to have been taken by either the libelant or respondent.

On January 8, 1929, McLendon Machine Works applied to this court to file its libel of intervention herein, whereupon said intervening libel and stipulation for costs were filed and process ordered by the court. Monition was duly served, and on February 19, 1929, a default decree was entered and an order of reference to take testimony made.

Upon the coming in of the report of the Special Commissioner, a final decree in favor of intervening libelant, in the sum of $609.40 (which upon stipulation has been reduced to $567.87), together with costs, expenses, and proctor's fee, was entered under date of March 15, 1929.

Pursuant to this final decree, the vessel was sold by the marshal on April 2, 1929,

for the sum of $975, which sale was confirmed by the court on April 17, 1929.

The cause now comes on, after due notice to libelant, for hearing upon motion of intervening libelant for an order directing payment of the amount of its decree from the proceeds of the sale of the vessel.

The United States appeared at this hearing and contested the granting of the motion, as stated in libelant's brief, upon the grounds "that this Court does not have jurisdiction to determine the validity of this lien * * * such determination is absolutely within the power of the Secretary of the Treasury."

Libelant, in assuming this position, relies upon the provisions of section 613 of the Tariff Act of 1922, 19 USCA § 520, and cites in support thereof United States v. One Ford Automobile (D. C.) 292 F. 207, and Motor Boat No. L-7869 (C. C. A.) 21 F.(2d) 594.

Section 520 of 19 USCA provides as follows: "Any person claiming any vessel, vehicle, merchandise, or baggage, or any interest therein, which has been forfeited and sold under the provisions of this chapter, may at any time within three months after the date of sale apply to the Secretary of the Treasury if the forfeiture and sale was under the customs laws, or to the Secretary of Commerce if the forfeiture and sale was under the navigation laws, for a remission of the forfeiture and restoration of the proceeds of such sale, or such part thereof as may be claimed by him. * * *"

I cannot agree that this case comes within the provisions of this section, for this vessel has not been "forfeited and sold under the provisions of this chapter." There has been no decree of forfeiture in favor of the libelant (United States), and while the vessel has been sold, it was sold under a decree in favor of the intervening libelant.

While this conclusion would dispose of the contention upon the part of the government, I deem it desirable to go into and dispose of the more important question that this court, as a court of admiralty, is without jurisdiction to adjudicate maritime liens in cases where the United States seeks forfeiture of a vessel under the Tariff Act of 1922, and that parties claiming such liens must have them adjudicated by the Secretary of the Treasury.

The Constitution of the United States provides:

"The Judicial Power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."

"The Judicial Power shall extend * * * to all cases of admiralty and maritime jurisdiction. * * *" Sections 1 and 2, article 3, of the Constitution.

Congress, in accordance with these provisions of the Constitution, created the District Courts, and in fixing the jurisdiction of said courts, granted them original jurisdiction "of all civil causes of admiralty and maritime jurisdiction * * *" and made this jurisdiction exclusive. 28. USCA §§ 41 and 371.

It appears, therefore, that Congress, in its enactment of section 613 of the Tariff Act of 1922 (19 USCA § 520), could not have intended to take away from the courts of the United States their admiralty jurisdiction granted by the Constitution. This jurisdiction has been upheld by the courts since the establishment of the government, and the jurisdiction in cases similar to the one at bar and the priority of the intervener's claim for labor and material furnished this vessel over that of the United States is established by a long line of decisions from the case of The St. Jago de Cuba, 9 Wheat. 409, 6 L. Ed. 122, decided by the Supreme Court of the United States in 1824, to that of The Thomaston, 26 F.(2d) 279, decided in the District Court of Maryland in 1928.

The cases relied upon by the government are not in point. In the case of One Ford Automobile (D. C.) 292 F. 207, there was no question as to admiralty jurisdiction.

In the Motor Boat Case (C. C. A.) 21 F. (2d) 594, the facts were quite different. The vessel had been seized and was in possession of the government and was in process of being sold under the provisions of the Tariff Act when the libel was filed in the District Court. These facts were determinative, as the court in its opinion said: "The question to be determined is whether or not the district court has jurisdiction of Morley's claim for repairs against the boat which had been duly seized and was properly in the custody of the collector by virtue of the provisions of the Tariff Act."

Such is not the case here. The government sought the jurisdiction of this court by filing its libel herein; the vessel was seized under an attachment issued out of this court and was in custody of the court when the intervening libel was filed. Certainly under these conditions this court has jurisdiction to adjudicate the rights of the intervening libelant.

Upon the authorities cited above, I conclude the intervening libelant's claim is prior

to that of the United States, and an order to pay the claim of the intervening libelant from the proceeds of the sale will be entered.