## THE KATHRYN.

### No. C-2560.

District Court, E. D. New York.

May 18, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for libelant.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for claimant.

GALSTON, District Judge.

This libel seeks the forfeiture of the boat Kathryn, for violation of sections 50 and 60 of title 46 of the United States Code (46 USCA §§ 50, 60). These sections are as follows:

"§ 50. Change of name of documented vessel. No master, owner, or agent of any vessel of the United States shall in any way change the name of such vessel, or by any device, advertisement, or contrivance deceive or attempt to deceive the public, or any officer or agent of the United States, or of any State, or any corporation or agent thereof, or any person or persons, as to the true name or character of such vessel, on pain of the forfeiture of such vessel.

"§ 60. Penalty for fraudulent registry. Whenever any certificate of registry, enrollment, or license, or other record or document granted in lieu thereof, to any vessel, is knowingly and fraudulently obtained or used for any vessel not entitled to the benefit thereof, such vessel, with her tackle, apparel, and furniture, shall be liable to forfeiture."

The facts as proved show that at various times prior to August 31, 1930, officers of the Coast Guard boarded the motorboat Kathryn and found that she bore the name "Happy Parrot" on bow and stern; also that her home port, "New Haven, Connecticut," was painted on the stern, and an ostensibly official number carved on the main hatch. Measurements of the boat failed to agree with those indicated on the ship's documents. A license which the boarding officer found on board was that of a vessel designated "Happy Parrot."

Accordingly on August 31, 1930, the Kathryn was seized in Coney Island Creek, Kings county. On that day, though she bore the name Kathryn, there was still discernible below that inscription the name "Happy Parrot," and it was observed that the official number noted on the inspection made August 26, 1930, had been chiseled out.

The proofs show that the Kathryn was not a registered vessel, but that the "Happy Parrot" was.

■ From the foregoing it must appear that the first cause of forfeiture under section 50, title 46, U. S. Code (46 USCA § 50), must fail, because the Kathryn was not a documented vessel. United States v. Blair (C. C. A.) 190 F. 372.

■ On the other hand, there clearly was a violation of section 60, title 46, U. S. Code (46 USCA § 60), for the license found and used on the Kathryn was not her license but that of another vessel, which in the circumstances of the case apparently was knowingly and fraudulently used. Such violation carries with it the penalty of forfeiture.

■ Something of an anomalous situation appears from the record, for though the Coast Guard made the seizure on August 31st and delivery of the vessel to the Collector of the Port of New York, it was not until October 21, 1930, that the usual marshal's notice of arrest and forfeiture was published; the libel herein having been filed on October 3, 1930.

Meanwhile, in this court, Edith B. Wheeler et al., doing business under the name of Wheeler Shipyard, filed on September 25, 1930, a libel against the vessel, and accordingly there was published by the marshal of the district on October 2, 1930, a notice of arrest on behalf of the libelant in that cause. Thus it appears that when the marshal gave notice of arrest in the pending cause he was already holding the vessel for the libelant, Wheeler Shipyard; and pursuant to a decree entered in the latter cause the vessel and her equipment were on November 28, 1930, sold. Distribution of the proceeds was made in satisfaction of the claim of the Wheeler Shipyard and in payment of incidental fees pursuant to an order of this court filed December 8, 1930.

Presumably since the proceeds of sale were in excess of the sums thus disbursed, such sum remains in the registry of the court, for there is no proof of its distribution.

I think that in all equity this balance may be considered to be that which is left of the res sought to be forfeited herein.

■■ Certainly there is nothing to indicate that the Collector of the Port abandoned the seizure. Such an inference of abandonment cannot be spelled out of the arrest of the vessel by the marshal in the libel of the Wheeler Shipyard. In a situation not unlike that presented herein, it was found by the court in The Motor Boat No. L—7869 (C. C. A.) 21 F.(2d) 594, that the Collector of the Port had not abandoned the seizure. In this connection it may be noted that in case of the forfeiture of a vessel for false registry, the forfeiture dates back to the time of the seizure. The Fredericka Schepp (D. C.) 195 F. 623; United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 247, 33 L. Ed. 555. In the latter case it was said: "By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith."

Accordingly, the libelant may have a decree.