## THE ALGIE (two cases).
### Nos. C–2641, 12454.

District Court, E. D. New York.

June 5, 1931.

See, also, 50 F.(2d) 623.

Howard W. Ameli, U. S. Atty., and Alfred C. McKenzie, Asst. U. S. Atty., both of Brooklyn, N. Y.

Crowell & Rouse, of New York City, for Todd Dry Dock Engineering & Repair Corporation.

Louis Halle, of New York City, for claimant.

CAMPBELL, District Judge.

These suits came before this court on three motions:

(1) Motion by the United States of America to set aside an order herein, dated May 14, 1931, directing the release of the British oil screw Algie to the claimant, Yarmouth Shipping Company, Limited, upon the filing of a bond in the sum of $4,000, and either directing a reappraisement or denying the claimant's motion for the release of the vessel.

(2) Motion for hearing on exceptions of the United States of America interposed to the libel of the Todd Dry Dock Engineering & Repair Corporation.

(3) Motion for hearing on exceptions to the libel of the United States of America, interposed by the Todd Dry Dock Engineering & Repair Corporation, intervener.

These motions have such a relation to each other that they must be considered together.

On February 15, 1931, the vessel in question, with a cargo of 2,580 bags of rye and scotch whisky and a miscellaneous number of bottles of scotch whisky, was seized on the north side of Montauk Point, Long Island, by the Coast Guard.

On or about April 20, 1931, the United States of America filed a libel against the said vessel and her cargo for violation of section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182), and sections 584, 592, and 591 of the Tariff Act of 1930 (19 USCA §§ 1584, 1592, 1591).

On April 21, 1931, the Yarmouth Shipping Company, Limited, filed a claim and answer in this proceeding.

On the 6th day of May, 1931, a motion was made by the claimant for an order directing the release of the said vessel, upon the filing of a bond in the sum of $4,000.

That motion was granted, and an order entered thereon, on May 14, 1931.

On May 13, 1931, the day before said motion was granted, the Todd Dry Dock Engineering & Repair Corporation filed a petition for intervention in the libel of the United States of America, and also filed an independent libel for substantially the same causes alleged in the petition of intervention. A monition was issued in the Todd libel to the marshal for the attachment of the said vessel, which monition was returnable May 27, 1931.

On May 15, 1931, the United States of America secured an order to show cause why the order of May 14, 1931, should not be set aside, and why either a reappraisal should not be had, or the motion for the release of the vessel denied.

On May 22, 1931, the intervener, Todd Dry Dock Engineering & Repair Corporation, filed exceptions to the libel of the United States of America, on the ground that, from the facts set forth in the libel, forfeiture should be sought under Section 26 of title 2 of the National Prohibition Act (27 USCA § 40), rather than under section 3450 of the Revised Statutes, and the Tariff Act of 1930.

Under the conditions prevailing, with the Todd Dry Dock Engineering & Repair Corporation intervening in the libel of the United States of America, it would not be right to release the vessel on a $4,000 bond.

The claimant has offered to give a bond for value in the sum of $4,000, the appraised value of the Algie as at the time of the seizure, pursuant to section 938 of the Revised Statutes (28 USCA § 751), and a stipulation for value in the sum of $15,000 to cover the claim of the Todd Dry Dock Engineering & Repair Corporation, and this would be a proper way to dispose of the motion to admit to bond if there was but the one libel of the United States of America.

However, there is the separate libel of Todd Dry Dock Engineering & Repair Corporation, and it might well contend that claimant give a stipulation for value in that suit as well, which would place an undue burden on the claimant.

The remedy, it seems to me, must be found in the manner I will indicate.

The exceptions of the United States of America to the libel of the Todd Dry Dock Engineering & Repair Corporation are overruled. The weight of authority supports their right to file a libel, if they have a maritime lien, and not to be restricted to the right to intervene in the libel of the United States of America. But, as the exceptions in part are based upon conditions which involve the determination of questions of fact which can only be determined on the evidence given on the trial, they are overruled, without prejudice to raising them on the trial.

The exceptions of the Todd Dry Dock Engineering & Repair Corporation to the libel of the United States of America cannot be sustained, because they are dependent upon the establishment of certain facts which do not now appear of record, and can only be shown by evidence to be given on a trial, and they are therefore overruled, without prejudice to raising them on the trial.

Under all the circumstances, the only practical solution of the problem presented is consolidation of the suits, and, as both suits will actually be tried in admiralty, although differently docketed, but by the judge holding the common-law term, on which calendar they will appear, that result will best be obtained by consolidating both of the above-entitled suits under the title, "United States of America, Libellant, against The British Oil Screw Algie, her tackle, etc., Todd Dry Dock Engineering & Repair Corporation, Intervenor, C. 2641," and such consolidation is ordered.

The motion to set aside the order entered on May 14, 1931, directing release of the Algie upon the filing of a bond, is granted, and the motion for release of the Algie, upon the giving by the claimant, in the consolidated suit, of a bond for value in the sum of $4,000, the appraised value of the Algie, as at the time of the seizure pursuant to section 938 of the Revised Statutes, and a stipulation for value in the sum of $15,000, to cover the claim of the Todd Dry Dock Engineering & Repair Corporation, is granted.