## THE DON (two cases).
### No. 7412.

District Court, D. New Jersey.
Sept. 9, 1932.

354

McDermott, Enright & Carpenter, of Jersey City, N. J., for libelants.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J.

AVIS, District Judge.

The motorboat Don was seized by the United States Coast Guard in the state of Delaware on July 24, 1930, with a cargo of liquor on board.

Libel proceedings were instituted against the boat in the United States District Court for the district of Delaware, under which the boat was eventually condemned and forfeited in that court. Neither the date of the commencement of the proceeding there nor the date of forfeiture is shown by any record presented to the court.

It appears as a fact that some time after seizure (the record does not show the date) the boat was stored by some one representing the government at base 9, United States Coast Guard, at Cape May, in this district.

On October 2, 1930, while the boat was actually in this district, libelants filed a libel in this court, praying that said boat be seized and sold to satisfy the demands and claims of the libelants, to the amount of $4,111.11, for work, labor, and services performed, and supplies furnished, for said motorboat Don.

Monition on this libel was issued on October 22, 1930, delivered to the marshal, and the return thereon, dated October 22, 1930, reports "Motor Boat 'Don' in custody Coast Guard at Section Base Nine, Cape May," and further that due notice had been given to all persons claiming the same, requiring

appearance before the court on November 11, 1930.

Subsequently, on November 8, 1930, another monition was issued, and the marshal's return to this process was that the boat had been attached on November 12, 1930, and notice had been given to persons in interest to appear before this court on November 25, 1930.

Interlocutory decree and order of reference was signed on December 23, 1930.

On December 22, 1930, on application of the United States attorney, an order was signed temporarily restraining the marshal from exposing the boat for sale until the further order of the court.

The commissioner's report on the reference was filed on June 9, 1931.

On August 8, 1931, libelants filed a petition, stating the facts generally, and further stated that it was claimed the boat had been forfeited in the District Court for the district of Delaware.

The prayers in this petition, briefly, are:

(1) Requiring Capt. Shea, commander of Coast Guard at section base 9, Cape May, N. J., and the United States attorney to show cause why they should not be restrained from removing or permitting the removal of the boat from this district, and to deliver the boat to the United States marshal of this district.

(2) Requiring the same parties to show cause why they should not have the boat brought within the territorial waters of this jurisdiction, and why they should not seek to have forfeiture proceedings heretofore taken in the district of Delaware reopened, so that libelants might take such steps as they deemed necessary.

(3) Why Capt. Shea and the United States attorney should not be held in contempt for removing or permitting the removal of the vessel from this jurisdiction, while motion of the United States attorney was pending.

(4) For an order restraining Capt. Shea and the United States attorney from removing or permitting the removal of the vessel until a hearing might be had upon the order to show cause.

The court is not advised why two monitions were issued on the libel filed. The first return shows the boat as being in the custody of the Coast Guard, and the second that the boat was attached. If attached by the marshal, the boat should have remained in

his custody, unless released with the consent of libelants. It appears, however, that the boat was removed by some government official or officials to the district of Delaware for forfeiture.

The first question involved is the right of this court to make any order, under all of the circumstances, including the fact that at the time the first monition was served the boat was in the custody of government officials under seizure made in the district of Delaware. It is apparent that the boat was located in this district for convenience; that the court of the district of Delaware did not intend to release the boat from its custody, as evidenced by subsequent forfeiture. This case involves a new and novel question, and no authority directly in point has been called to the attention of this court which would justify it in attempting to oust the jurisdiction of the Delaware District Court. I have no authority to review decisions of that court. Intervention in the proceedings in the Delaware District Court might have been effective to give relief, or an appeal from that court's decision might be beneficial to the libelants.

The circumstances stated, with the added fact that there is no proof that the boat was in this jurisdiction at the time libelants filed their petition, impel me to refuse the respective prayers of the petition.

Another obstacle prevents relief on this petition. It is true that, under proper circumstances, a maritime lien, if the pleading is properly filed and process properly served, has precedence over the right of forfeiture in condemnation proceedings. The Thomaston (D. C. Md.) 26 F.(2d) 279; The Ermis (D. C. S. D. Fla.) 33 F.(2d) 763; The Algie (D. C. E. D. N. Y.) 50 F.(2d) 624.

However, when a boat, subject to forfeiture, is seized by the government, a subsequent libelant, basing his claim on a maritime lien, is required to make the collector of customs, or other government official, in possession, a party to the suit. It is, at least, required that the monition or notice thereof be served upon such official.

The Maryland District Court in the case of The Whippoorwill, 52 F.(2d) 985, 988, holding that such service is required to give the admiralty court jurisdiction, said: "The question now presented is, therefore, simply whether the District Court of the United States in admiralty proceedings at the suit of a lien claimant can attach through the marshal a vessel so in the possession of the collector of customs by process against the boat in rem only and without making the collector individually a party to the suit and without setting up any claim that the vessel was improperly or tortiously seized by the collector. My conclusion is that such an attachment is not legally effective." (D. C.) 52 F.(2d) 988.

I agree with these conclusions, and, for the reasons stated, the prayers of the petition will be denied.