## THE DON.
### No. 1367.

District Court, D. Delaware.

Oct. 27, 1933.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., for the United States.

William Prickett, of Wilmington, Del., and Leslie C. Krusen (of Krusen, Evans, Shaw & Campbell) of Philadelphia, Pa., for Wheeler Shipyard, Inc., petitioner.

NIELDS, District Judge.

July 30, 1930, the motor boat Don, with a cargo of intoxicating liquor, was seized at Fleming's Landing, in this district, and delivered into the custody of the collector of customs for the eleventh collection district. That district includes not only Delaware, but also South Jersey. Shortly thereafter the vessel was removed for safekeeping to the Coast Guard at Section Base 9 Cape May, N. J.

January 22, 1931, the libel in this cause was filed seeking forfeiture of the Don for violation of sections 4214 and 4377, U. S. R.

S. (46 USCA §§ 103, 325), and section 3, title 2 of the National Prohibition Act (27 USCA § 12). Attachment and monition was issued and the marshal made return thereon "I did seize and attach the within named gas screw motor boat * * * and I have cited all persons to appear and assert their claims." No one appearing, a decree of condemnation and forfeiture was duly entered February 7, 1931.

March 2, 1931, upon petition of the deputy collector of customs, filed under the provision of the Act of Congress of March 3, 1925 (43 Stat. 1116), an order was entered directing the marshal, in lieu of the sale of the condemned vessel, to deliver her to the deputy collector of customs for use of the United States Coast Guard in enforcement of the customs laws and National Prohibition Act.

November 5, 1932, Wheeler Shipyard, Inc., successor to Wheeler Shipyard, a copartnership, filed a petition in this cause, alleging that Wheeler Shipyard between May and July, 1930, furnished repairs and supplies to the Don in New Jersey and filed its libel against that vessel in the District Court of the United States for the District of New Jersey and obtained a decree in the sum of $4,111.11.

The petition in this cause prays that the proceedings against the Don in this court be opened and reviewed; that the decree of forfeiture be vacated; the petitioner permitted to intervene; and that the motor boat be redelivered to the marshal of this district and sold to pay petitioner's claim. A petition seeking an order for the return of the Don to the marshal of the district of New Jersey and an order of sale to satisfy libelant's claim was filed in the New Jersey proceeding and dismissed. The Don (D. C.) 1 F. Supp. 353.

Petitioner bases its right to intervene upon a purported attachment of the Don by the United States marshal in the district of New Jersey. She was not, however, subject to attachment at the instance of the libelant in the admiralty proceeding in New Jersey. She had been duly seized here and taken into the custody of the collector of customs. That seizure had not been abandoned. On the contrary, the vessel remained in the custody of the collector of customs pending the disposition of the criminal proceedings against those in charge of her at the time of seizure. Upon conclusion of those proceedings the libel of forfeiture was filed and the vessel delivered by the collector of customs to the marshal in this district and seized under the attachment issued in this cause. The purport-

ed attachment of the Don in the district of New Jersey was wholly void and of no effect. The court in New Jersey acquired no jurisdiction over the vessel and could acquire none while the vessel remained in the custody of the collector of customs under a valid and lawful seizure. The Whippoorwill (D. C.) 52 F.(2d) 985, The Motor Boat No. L–7869, 21 F.(2d) 594 (C. C. A. 3).

The petitioner is also barred by laches. When the libel was filed in New Jersey, the marshal returned on the attachment "Motor boat Don in custody Coast Guard at Section Base Nine Cape May." Notwithstanding this return, proctors for the libelant in applying for the issuance of an alias attachment stated: "We want the motor boat Don seized in this matter even though the same vessel may have been seized by somebody else." November 3, 1930, five days before the issuance of the alias attachment and nine days before the service thereof, the proctors for the libelant were informed that libel proceedings by the United States against the Don were not to be filed in New Jersey as the matter came under the Delaware jurisdiction. Proceedings in Delaware were not instituted until January 22, 1931. Libelant was put upon notice and the court will assume that inquiry of the office of the United States Attorney in this district would have afforded libelant full information as to the seizure of the Don and the contemplated forfeiture proceedings. Petitioner would have had full opportunity to assert its rights in this proceeding before the vessel was forfeited and delivered to the United States.

Leave to intervene must be denied.