olation of any order of the board, other than an order for the payment of money, the board, or any party injured by such violation, or the Attorney General, may apply to a district court having jurisdiction of the parties; and if, after hearing, the court determines that the order was regularly made and duly issued, it shall enforce obedience thereto by a writ of injunction or other proper process, mandatory or otherwise."

Having heard the argument of counsel and the evidence, the court has reached the legal conclusion that no order was issued in this case, such as is contemplated by the statute. The order which the statute contemplates is an order which duly issues after a hearing upon complaint and answer, or an order which the Board on its own motion issues after first having instituted inquiry in the matter.

The contention is further urged that the court has original jurisdiction to determine this controversy by virtue of section 41, paragraph 8 of 28 U.S. Code Annotated, which reads as follows: "Of all suits and proceedings arising under any law regulating commerce."

This contention, in my judgment, is put at rest by the decision of the United States Supreme Court in the case of United States Navigation Company, Inc., v. Cunard S. S. Company, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408. The court in that case stated (284 U.S. 474, at page 480, 52 S.Ct. 247, 76 L.Ed. 408): "It may be conceded that looking alone to the Sherman Anti-Trust Act, the bill states a cause of action under sections 1 and 2 of that act (15 U.S.C.A. §§ 1, 2) and, consequently furnishes' ground for an unjunction under section 16 of the Clayton Act (15 U.S.C.A. § 26) unless the Shipping Act [46 U.S.C.A. § 801 et seq.] stands in the way; and this was the view of both courts below."

Again (284 U.S. 474, at page 485, 52 S.Ct. 247, 76 L.Ed. 408), with reference to that proposition, the court said: "A comparison of the enumeration of wrongs charged in the bill with the provisions of the sections of the Shipping Act above outlined conclusively shows, without going into detail, that the allegations either constitute direct and basic charges of violations of these provisions or are so interrelated with such charges as to be, in effect, a component part of them; and the remedy is that afforded by the Shipping

Act, which to that extent supersedes the anti-trust laws."

By analogy that same process of reasoning applies to the instant case, as the Shipping Act in my judgment is more comprehensive in its nature and supersedes' that provision of the act which gives general jurisdiction to the court to decide matters arising under any law regulating commerce.

It is my thought that the remedy which complainants have is amply provided for in section 22 of the act (46 U.S.C.A. § 821), and that they must first seek recourse from the board before they can come to this court and ask for injunctive relief.

For the reasons orally assigned, the application for interlocutory injunction will be denied and the bill dismissed.

## THE NANA.

No. 353.

District Court, S. D. Texas, Houston Division.

March 20, 1936.

Douglas W. McGregor, U. S. Dist. Atty., and Brian S. Oden, Asst. U. S. Dist. Atty., both of Houston, Tex., for libelant.

Wiseheart, Grobe & Wiseheart, of Houston, Tex., for claimant, Art Benson.

KENNERLY, District Judge.

This is a libel in rem by the government under section 60, title 46, U.S.C.A., to forfeit the motor boat Nana, upon the alleged ground that her registration was fraudulently obtained. Art L. Benson appears as owner and claimant.

The facts have been stipulated as follows:

"1. That on the 9th day of July, 1935, and at all times material hereto, the claimant, Art Benson, was the sole owner of the motor boat "Nana" (E–1997).

"2. That Art Benson, on the 9th day of July, 1935, obtained a license and enrollment of the boat "Nana" (E–1997).

"3. Certified copy of license and enrollment of the boat "Nana" (E–1997) is attached hereto.

"4. That Art Benson used the name L. A. Bennett when he obtained the license and enrollment.

"5. That on July 9, 1935, the address of Art Benson was 2715 Isabella Street, Houston, Texas.

"6. That Art Benson used the vessel under the documentation, which he obtained when he used the name L. A. Bennett.

"7. That Art Benson has used the vessel exclusively for pleasure.

"8. That Art Benson has on other occasions transacted business under the name of L. A. Bennett.

"9. That Art Benson is now, and has at all times heretofore been, a citizen of the United States of America."

The certified copy of so-called license and enrollment mentioned in paragraph 3 of the stipulation is as follows:

"No. E–1997. No. now on vessel: E–1997
"Department of Commerce
"Bureau of Navigation
and Steamboat Inspection—Washington.
"Name of owner L. A. Bennett
"Address 2715 Isabella St.
"Name of vessel Nana Type Motor
"Length over all 24 ft; beam 6'4"ft; depth 2'4"ft. H. P. of engine 125.
"Dimensions of cabin or inclosure: None
"Principal occupation of vessel: Pleasure.
"Built: Year 1929, where Michigan, by whom Chris.

"I certify that the above statements are true and hereby make application for a number for the vessel described.
"Date July 9, 1935. (Signature) Signed
L. A. Bennett (Owner)."

1. The so-called license and enrollment was in fact a numbering under section 288, title 46 U.S.C.A., but section 60 of the same title is applicable to vessels numbered under section 288. The F. H. Russell (C.C.A.) 30 F.(2d) 286. The only question is whether under section 60 and the facts stipulated the government may forfeit the vessel.

The government stands upon United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555, Hamburg-American, etc., Co. v. United States (C.C.A.) 250 F. 747, The F. H. Russell, supra, United States v. Tynan (D.C.) 6 F.(2d) 668, The Kathryn (D.C.) 50 F.(2d) 193, and the respondent upon Weston v. Penniman, Fed.Cas.No. 17,455, Scudder v. Calais Steamboat Co., Fed.Cas.No.12,566, The Scandanavia II (D.C.) 258 F. 144, but I think they aid little. The real question is whether the numbering of the vessel was fraudulently obtained within the meaning of section 60, because the owner-claimant, whose true name is Art Benson, but who upon occasions has transacted business as L. A. Bennett, obtained such numbering in the name of L. A. Bennett.

I know of no applicable law prohibiting, in the absence of fraud, a person from using, as here, another name, and I think the government not entitled to a forfeiture.

A decree will enter for claimant.

**In re SCHAEFFER et al.**
Nos. 7942, 7943.

District Court, D. Maryland.
April 2, 1936.