## THE CHARLES D. LEFFLER.

## C. HILTEBRANT DRY DOCK CO., Inc., v. UNITED STATES (ROBINS, Intervener).

### No. 6484.

Circuit Court of Appeals, Third Circuit.
Dec. 23, 1938.

BIGGS, Circuit Judge, dissenting.

John G. Flanigan, of Jersey City, N. J., Macklin, Brown, Lenahan & Speer, of New York City, and Horace L. Cheyney, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

Wm. F. Smith, of Perth Amboy, N. J., for the United States.

Max Rockmore, New York City, Barney Larkey, of Newark, N. J., and Max Rockmore, of New York City (Max Rockmore, of New York City, of counsel), for intervener respondent.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

WATSON, District Judge.

This is an appeal from an order of the District Court for the District of New Jersey, denying the application of the Appellant to intervene in libel proceedings instituted by the United States Government against the vessel "Charles D. Leffler."

Libel was filed in May, 1936, praying forfeiture for violation of various provisions of the Customs Laws, and monition was made returnable June 19, 1936. Upon petition filed June 13, 1936, Daniel W. Robins was, on June 24, 1936, granted leave to intervene. On June 24, 1936, decree of forfeiture was entered and the marshal ordered to sell the vessel and pay the proceeds into the Court Registry. The vessel was sold for the sum of $6,050, the marshal reporting the sale on September 9, 1936. On September 3, 1936, Judge Clark made an order granting the A. Hiltebrant Dry Dock Company Inc., the Appellant, leave to intervene. On November 4, 1936, the marshal made his return of sale and paid the proceeds into the Court Registry. On January 4, 1937, upon motion of the United States Attorney and of Daniel W. Robins, Intervenor, Judge Clark vacated his order of September 8, 1936, permitting Appellant to intervene. Thereafter Appellant presented to the Court a new motion for leave to intervene, which was denied by Judge Forman on April 10, 1937. From this order appeal was taken, and notice of appeal given to the United States Attorney. Thereafter, on June 18, 1937, an order was entered by Judge Forman amending the notice of appeal, assignments of error, and citation to include notice to counsel for the intervenor, Daniel W. Robins.

■ It is the contention of the Intervenor, Daniel W. Robins, that the appeal should be dismissed because of the failure of Appellant to include him in the original notice of appeal. The order amending the notice of appeal having been entered after perfection of the appeal, it is Robins' position that it is void because made after jurisdiction was transferred to this Court.

With this contention, we cannot agree. Although the District Court is without jurisdiction to make any change in the order appealed from after appeal is perfected, the District Court is not without jurisdiction to do such things as are appropriate to perfect the record. Hovey v. McDonald, 109 U.S. 150, 3 S.Ct. 136, 27 L.Ed. 888. The order amending notice of appeal in the case falls into the latter category and was properly entered.

■ The record does not anywhere disclose the reasons for the order of Judge Clark vacating his order permitting Appellant to intervene or for the order of Judge Forman denying Appellant's second motion to intervene. Appellant's second motion is supported by an affidavit setting forth facts giving rise to a maritime lien. Notice of the motion was given to counsel for the Libellant and to counsel for the Intervenor, and it does not appear that the valid, legal rights of any party to the record would have been prejudiced by the intervention of the Appellant. Although it may be that if the Appellant is permitted to intervene, the claim of the Intervenor, Robins, will be relegated to a position junior to the claim of the Appellant, that is not a valid objection to the motion. The law fixes the order of priority of liens, and it is the duty of the Courts to see that they are properly enforced.

■ In this case, the proceeds of the sale of the vessel libelled are in the Court Registry for distribution according to law. That the Court has exclusive jurisdiction to make such distribution is axiomatic. Where it appears that no injustice will be done, it is the policy of the Courts to make distribution to those lawfully entitled, latecomers as well as otherwise, without enforcing nice rules of practice relating to the time or manner of presenting claims. The Dode, D.C., 100 F. 478. It is clear that maritime liens upon property sold by order of the Admiralty Court follow the proceeds. The Lottawanna, 20 Wall. 201, 87 U.S. 201, 221, 22 L.Ed. 259. Although rules of practice cannot be so far overlooked as to follow the proceeds into the hands of claimants after distribution has been made (The Dode, supra), no injustice can be done by allowing intervention after the time fixed by court rules has passed, where, as here, the proceeds are in court awaiting distribution to those lawfully entitled. In-

deed, grave injustice may be done by failure to permit intervention by Appellant in this case.

Reversed.

BIGGS, Circuit Judge (dissenting).

On May 27, 1936, the United States, by the District Atorney for the District of New Jersey, filed a libel praying for the forfeiture of the oil screw, Charles D. Leffler, for alleged violation of the customs laws of the United States. The libel set up seven grounds of forfeiture. The second of these grounds alleges that over 40,000 gallons of alcohol were unladen without a permit from the Leffler within the customs water of the United States in the District of New Jersey before the vessel had reached the proper place of discharge, in violation of Section 586 of the Tariff Act of 1930 [1] (19 U.S.C.A. § 1586).

Upon June 24, 1936, Daniel W. Robins, the holder of a mortgage upon the Leffler, was permitted to intervene in the cause and on the same day a decree of forfeiture and sale was made by the District Court against the Leffler and her equipment. Upon September 2, 1936, the United States Marshal sold the Leffler for $6,050. Upon September 8, 1936, the appellant, Hiltebrant Drydock Company, claiming a maritime lien, filed its petition seeking to intervene in the cause and upon the same day its intervention was allowed by the court. Upon September 12, 1936, the District Court confirmed the sale of the Leffler as made by the Marshal. Upon January 4, 1937, the court entered an order vacating and setting aside its order of September 8, 1936, allowing Hiltebrant's intervention. Upon February 23, 1937, notice of a motion was filed by Hiltebrant to the end that it might be permitted to intervene against the proceeds of the forfeiture. Upon April 10, 1937, the District Court entered its decree denying Hiltebrant's motion for intervention. The pending appeal is from the decree referred to.

In its petition for intervention Hiltebrant alleges that it performed services for the Leffler of a total value of $3,194.79 and that a balance upon this sum in the amount of $2,194.79 remains unpaid. Hiltebrant's services to the Leffler were completed in April, 1936. Hiltebrant contends that it is possessed of a maritime lien superior over the claim of the United States for forfeiture. This contention frames the issue before us.

Section 613 of the Tariff Act of 1930 [2] (19 U.S.C.A. § 1613) provides that, "Any person claiming any vessel, * * * or any interest therein, which has been forfeited and sold under the provisions of this chapter, may at any time within three months after the date of sale apply to the Secretary of the Treasury if the forfeiture and sale was under the customs laws, * * * for a remission of the forfeiture and restoration of the proceeds of such sale, or such part thereof as may be claimed by him." The section then states the conditions under which the Secretary of the Treasury may order the proceeds of the forfeiture or some part of them returned to the claimant.

At common law as well as by the provisions of Section 30, subsection P, 41 Stat. 1005, 46 U.S.C.A. § 971, Hiltebrant has a maritime lien. Such a lien ordinarily may be enforced by a suit in rem. Hiltebrant's lien was in existence at the time of the forfeiture. Can it now be deemed to attach to the proceeds of the forfeiture in derogation of the provisions of Section 613?

In The Olympia, D.C., 58 F.2d 638, it was said that a maritime lien once attaching without guilty knowledge upon the part of the lienor will survive forfeiture by the United States, but in this case the lien claimants had come into court and asserted their liens prior to forfeiture and sale of the vessel. In The Thomaston, D.C., 26 F. 2d 279, the vessel was forfeited and sold and the court held that the claims of innocent maritime lienors survived the forfeiture and were payable from proceeds of the sale. It should be noted, however, that in the cited case the lien claimants appeared in court and asserted their claims upon the very day of the sale and not thereafter as in the case at bar. In The Ermis, D.C., 33 F.2d 763, the court, in passing upon the corresponding section to Section 613 in the predecessor Act [3], held that that act did not deprive a court of the United States of jurisdiction in admiralty to adjudicate a maritime lien against a vessel or require adjudication by the Secretary of the Treasury. It should be noted, however, that in the cited case

---

[1] Act of June 17, 1930, c. 497, Title 4, Sec. 586, 46 Stat. 749; Aug. 5, 1935, c. 438, Title 2, Sec. 205, 49 Stat. 524.

[2] Act of June 17, 1930, c. 497, Title 4, § 613, 46 Stat. 756.

[3] Tariff Act, Sept. 21, 1922, c. 356, Title 4, Sec. 613, 42 Stat. 986.

there was no decree of forfeiture or a sale thereunder. The vessel was sold under a decree in favor of an intervening libellant. No case has been cited to us and I can find none where the precise question at bar has been passed upon.

An examination of the statute laws of the United States affords convincing proof as was stated by Judge Chesnut in The Whippoorwill, D.C., 52 F.2d 985, 988, "* * * that a complete scheme of enforcement of the customs and navigation laws is provided in the statutes; which includes the seizure of vessels violating the customs and navigation laws and their summary forfeiture by administrative proceedings if the value is less than $1,000 and by judicial proceedings for forfeiture by libel in admiralty if the value exceeds $1,000."

Considering the second ground for forfeiture alleged in the libel in the case at bar and without endeavoring to enumerate fully the applicable statutes, it is none the less apparent that Sections 453, 586 and 587 of the Tariff Act of 1930, 19 U.S.C.A. §§ 1453, 1586, 1587, provide for forfeiture of a vessel for violation of the customs laws in respect to loading or unloading. Section 604, 19 U.S.C.A. § 1604, of the same title provides that the United States Attorney shall conduct proper proceedings for forfeiture. Section 606, 19 U.S.C.A. § 1606, provides for appraisal of the vessel. Sections 607 to 609, inclusive, 19 U.S.C.A. §§ 1607–1609, provide for summary forfeiture and sale of the vessel if its value is less than $1,000. Section 610, 19 U.S.C.A. § 1610, provides that if the value of the vessel exceeds $1,000 the collector shall report that fact to the District Attorney who shall take the necessary steps to forfeit it by judicial proceedings by way of libel in admiralty. Section 613, 19 U.S.C.A. § 1613, provides that any person whose interest is forfeited and sold may within three months apply to the Secretary of the Treasury for relief. Section 618, 19 U.S.C.A. § 1618, makes further provision for the relief of the claimant.

An examination of the sections of the Tariff Act of 1930 shows the creation of a complete system of statutory law applicable to the seizure, forfeiture and disposition of vessels which violate the customs laws of the United States. The admiralty jurisdiction of courts of the United States is broad, yet its exercise is subject to congressional regulation. As was pointed out in The Whippoorwill, supra, at page 989, of 52 F. 2d, Congress repeatedly has "* * * passed acts vitally affecting the exercise of the jurisdiction, as, for instance, the act defining, and to some extent extending, the scope of the lien given for materials and supplies to vessels, the act providing a limitation to the shipowners' liability, and the act with respect to liability for negligent deaths of seamen." In view of the power of Congress exercised as indicated by the statutes must it not be said that Congress intended to divest the District Courts of the United States of jurisdiction to adjudicate the rights of claimants who seek to intervene in proceedings such as those at bar after the forfeiture and sale of the vessel?

As I view the law Hiltebrant clearly had a right, exercised by Robins, to intervene in the forfeiture proceedings prior to the forfeiture and sale of the Leffler. It did not exercise that right, but sought to intervene in the proceeding six days later. The statute plainly looks to the day of sale as supplying a time limit by which all claimants must present their claims to the court when forfeiture is sought by the United States pursuant to the provisions of the Tariff Act. Section 613 in effect creates a period of limitation. If a claimant fails to make application within the time prescribed, he loses his day in court precisely as a plaintiff in an action at law loses his right to the adjudication of his controversy if his action is not timely brought. For that day in court the statute substitutes administrative relief within the grace of the Secretary of the Treasury. The purpose of the statute is the protection of the revenue laws of the United States and in my opinion it will not avail to say that Congress, which under the Constitution has bestowed admiralty jurisdiction upon the district courts of the United States, may not modify that jurisdiction to the extent indicated. [4]

One may surmise what rights, if any, Hiltebrant may assert in the pending suit against Robins if the latter secures priority of payment in the fund over the United States, but I think it is clear that Hilte-

---

[4] See In re No. 32 East Sixty-Seventh Street, 96 F.2d 153, in which Judge Swan speaking for the Circuit Court of Appeals for the Second Circuit stated in respect to Sections 605–615 of the Tariff Act, 19 U.S.C.A. §§ 1605–1615 sub judice [page 156], "We believe the procedure so provided is exclusive of other remedies,", citing Thompson v. Schwaebe, D.C., 21 F.2d 696.

brant's petition to intervene against the fund may not be allowed unless and until Robins prevails in respect to the fund. If that contingency occurs I can perceive no reason why the intervention of Hiltebrant should not then be allowed and the rights of Hiltebrant and Robins be determined. As I have stated the provisions of Section 613 are designed to aid the United States in the collection of the revenue, but do not go beyond this.

Upon the record before us, however, it is my opinion that the order denying Hiltebrant's application for intervention was properly entered by the court below and therefore I must dissent from the majority opinion of the court.