### FISBURN v. JACKSON et al.
### No. 604.

District Court, N. D. Texas, Fort Worth Division.

Feb. 3, 1932.

William B. Harrell, of Dallas, Tex., for complainant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., for respondents.

WILSON, District Judge.

The record discloses that Jesse Cooper was prosecuted and convicted for the offense of possession under the National Prohibition Act (title 2, § 25 [27 USCA § 39]). The liquor in question was found in a Ford coupé belonging to him and in his control at the time; transportation of liquor was in no way involved and could not have been properly, either directly or indirectly; there was no charge of transportation included in the complaint against the defendant Cooper, and the most that could be said under the state of facts was that possibly it was his purpose, at some time, to transport the liquor in the car in question, and that such was his purpose in putting the whisky in the car. After the case had been disposed of by a plea of guilty, the defendant here, Carl Jackson, prohibition administrator, proceeded under the revenue laws (R. S. § 3450, 26 USCA § 1181; R. S. § 3460, 26 USCA § 1193) to forfeit the Ford coupé seized at the time the liquor was discovered in same. The complainant here, S. C. Fisburn, or his company, had a lien on the car to secure an indebtedness of $386.68 and interest, attorney's fees, etc. He filed notice of his claim, but did not procure the release of the car by filing the bond provided for in the Revenue Act, but filed suit to enjoin the forfeiture and sale of the automobile administratively. The plaintiff relies mainly on two propositions: (1) That the United States government, having proceeded against Jesse Cooper under the National Prohibition Act, was precluded from proceeding against the automobile under the Internal Revenue Act; (2) that if the automobile could be proceeded against under the Internal Revenue Act, it must be in a libel proceeding; that the question of whether or not there was liquor upon which a tax was due and whether or not the car was used to conceal liquor to defraud the government of a tax on liquor, and the question of whether or not the claimant was innocent of any infor-

mation that the car was so improperly used, were to be determined by a court and not by an administrative officer.

 This raises the simple question often passed upon: Can the prohibition administrator proceed, under the revenue laws with the forfeiture and sale of an automobile, without judicial proceedings, where the owner of the car in which the liquor was concealed was prosecuted and convicted only for possession, and where transportation of liquor in the car was not charged, and where under the facts there was no transportation involved, and where the lien claimant did not file the bond, as is authorized by R. S. § 3460, to secure the cost of a libel proceeding?

The claimant's propositions are untenable under the undisputed facts of this case. Section 26, tit. 2, of the National Prohibition Act (27 USCA § 40), in this regard, deals only with the forfeiture of automobiles seized in the actual transportation of intoxicating liquor in violation of the law. Proof of the mere concealment of such liquor in an automobile without transportation does not furnish a ground for forfeiture of the automobile under this act. We need not look further than the words of the act itself, as follows:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile * * * it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to the law. Whenever intoxicating liquors transported or possessed illegally [held to mean possessed in transportation illegally, U. S. v. Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025] shall be seized by an officer he shall take possession of the vehicle * * * and shall arrest any person in charge thereof * * *; the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. * * * *"

In United States v. Ford Coupe, supra, the Supreme Court specifically construes this section of the Prohibition Act and holds that it applies solely to forfeitures where there is a prosecution and conviction of a person for the transportation of liquor in a vehicle contrary to the Prohibition Act. We note that this section expressly gives full protection to such lien claimants as the Fisburn Motor Company in this case, where innocence of any guilty knowledge of such illegal use of the car is shown. On the other hand, the revenue laws afford no such protection even to an innocent lienholder; that is, where the facts disclose that the automobile was used for the purpose of depositing or concealing tax not paid illicit liquor with the intention to defraud the United States. The facts leave this just such a case. The most that can be said, as heretofore suggested, is the bare possibility that there was an intent of the offender, Jesse Cooper, to ultimately transport the liquor in question, in the Ford coupé. The presumption arising under the facts of the case fully supports the conclusion that the liquors in question were deposited in the car for the purpose of concealing them and to defraud the United States of any taxes that might be due thereon. Mickle v. United States (C. C. A.) 33 F.(2d) 684; Commercial Credit Corporation v. United States (C. C. A.) 18 F.(2d) 927; United States v. One Studebaker Coach (C. C. A.) 32 F.(2d) 866. The Supreme Court, in United States v. Ford Coupe, supra, also specifically deals with this question and construes section 3450 of the revenue laws, as follows: "An automobile, seized while being used for the purpose of depositing or concealing tax-unpaid illicit liquors with intent to defraud the United States of the taxes imposed thereon, is forfeitable under R. S. § 3450, and the interests of innocent persons in the vehicle are thereby divested." The Supreme Court in that case disposed of prac-

936

tically every question raised in this case and contrary to plaintiff's contentions.

■ Now the last proposition of the complainant in substance is that, if the automobile is proceeded against under the Internal Revenue Laws, it must be by a libel in court; that all of the requisite facts, under the revenue act, to entitle the government to a forfeiture, must be established in a judicial proceeding, etc.

This question also has been often passed on, and contrary to the plaintiff's contention. Again, it seems that the plain words of the statutes involved would be sufficient to demonstrate plaintiff's error. R. S. § 3460 provides for the seizure and forfeiture of any conveyance, under such a state of facts as we have here, where there is no issue as to the transportation of liquor, but only a concealment of same in the car, without the stamp paid tax thereon. The third subdivision of this statute clearly defines the steps which must be taken by such claimant, as the plaintiff, in order to protect his interest, and to force a judicial determination of his rights, in the following language:

"Any person claiming the goods, wares, or merchandise so seized, within the time specified in the notice, may file with the said collector or deputy collector a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250, with sureties to be approved by the said collector or deputy collector, conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bond to the collector or deputy collector, he shall transmit the same, with the duplicate list or description of the goods seized, to the United States District Attorney for the district, and said attorney shall proceed thereon in the ordinary manner prescribed by law."

The Fisburn Motor Company only filed its claim and no bond. The fourth paragraph of R. S. § 3460 prescribes the duty of the officer, when no claim is filed and bond given, in the following language:

"If no claim is interposed and no bond is given within the above specified time, the collector or deputy collector, as the case may be, shall give ten days' notice of sale of the goods, wares, or merchandise by publication, and, at the time and place specified in the notice, shall sell the articles so seized at public auction, and, after deducting the expense of appraisement and sale, he shall de-posit the proceeds to the credit of the Secretary of the Treasury."

■ The defendant, prohibition administrator here, was proceeding in accordance with this provision of the statute when the present suit for injunction was filed. There is no question but what the claimant lost his right to a judicial hearing of this matter, and to avoid an administrative forfeiture, by the failure to file the bond authorized. That Congress has the power to pass such an act providing for such a forfeiture as the one here undertaken is well settled. The Oceanic Steam Navigation Company v. Stranahan, 214 U. S. 320, 29 S. Ct. 671, 53 L. Ed. 1013; Navigazione Libera Triestina v. United States (C. C. A.) 36 F.(2d) 631; McGuire v. Winslow (C. C.) 26 F. 304.

The authority, privileges, and duties of the Commissioner of Internal Revenue and his assistants, etc., in respect to intoxicating liquor, were transferred to the Secretary of the Treasury by Act of March 3, 1927, §§ 1, 4 (44 Stat. 1381, 1382, 5 USCA §§ 281 and 281c), and by the Prohibition Reorganization Act of 1930, §§ 1–8 (27 USCA §§ 101–108, c. 5) such powers and duties were transferred from the Secretary of the Treasury to the Attorney General (Department of Justice), and his assistants.

For the reasons stated, the injunction prayed for will be denied.