**UNITED STATES v. ONE HUDSON SEDAN, SERIAL NO. 960,905, MOTOR NO. 44850.**

**No. 3988.**

District Court, M. D. Pennsylvania.

Nov. 10, 1936.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., and Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for the United States.

R. Wallace White, of Scranton, Pa., and Hopkins T. Rowland, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

This is a petition by the General Finance Company for an order upon the United States Attorney of this District directing him to file a libel of information seeking the forfeiture of a certain Hudson sedan automobile, which was seized by the agents of the Alcohol Tax Unit of the Bureau of Internal Revenue; and for an order on the United States Attorney directing him to turn over the automobile to the petitioner upon the payment of all expenses incident to the seizure and forfeiture. A rule to show cause was granted upon the United States Attorney. The United States Attorney appeared on the return of the rule to show cause, but filed no answer to the petition.

It is alleged in the petition that the automobile was duly appraised to be of the value of $200. It is not alleged in the petition that the automobile is in the custody of the United States Attorney, nor is it alleged in the petition that the petitioner furnished a bond under the provisions of R.S. § 3460 (26 U.S.C.A. (Revised) § 1624 (a–e).

Counsel for the petitioner has called the attention of the court to the provisions of section 204(a) of the Act of August 27, 1935 (27 U.S.C.A. § 40a(a). This section gives the court jurisdiction to remit or mitigate the forfeiture after the forfeiture is decreed. Here there is no decree of forfeiture, nor have forfeiture proceedings been started. There is no forfeiture to remit or mitigate. It is plain that this court was without jurisdiction to entertain the petition. U. S. of America v. One Chrysler Touring Sedan (D.C.) 16 F.Supp. 629, opinion filed October 9, 1936.

Statutory proceedings have been provided for the condemnation of seized property under the Internal Revenue Laws when, as in this case, the property is of the appraised value of $500 or less. R.S. § 3460 (26 U.S.C.A. (Revised) § 1624 (a–e). That section provides that, if the goods subject to forfeiture are, in the opinion of the collector, worth less than $500, he must cause a list of the merchandise to be made and must have an appraisal thereof made by three disinterested appraisers. If the appraisers find the goods to be of a value less than $500, the collector must proceed to advertise and sell the goods unless the claimant shall file a bond for $250 conditioned that, in case of the condemnation of the article so seized, the ob-

896

ligors shall pay all the costs and expenses to obtain condemnation. Upon the filing of the bond with the collector, he shall report the matter to the United States Attorney for condemnation. No bond has been filed by the petitioner. This procedure has been deemed to be exclusive and should be followed.

Now, November 10, 1936, the rule to show cause is discharged, and the petition is dismissed.