**MILKINT et al. v. MORGENTHAU, Secretary of Treasury.**

No. 4169.

Circuit Court of Appeals, Fourth Circuit.

Sept. 27, 1937.

C. Brooks Deveny and Russell L. Furbee, both of Fairmont, W. Va., for appellants.

Jacob S. Hyer, Asst. U. S. Atty., of Buckhannon, W. Va. (Howard L. Robinson, U. S. Atty., of Clarksburg, W. Va., on the brief) for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought in April, 1936, by the appellants, C. C. Milkint and P. L. Milkint, partners trading and doing business as Milkint's Garage, here referred to as the plaintiffs, against Henry Morgenthau, Jr., Secretary of the Treasury of the United States, and others, here referred to as the defendants, in the District Court of the United States for the Northern District of West Virginia, at Clarksburg.

The object of the suit was to enjoin the defendants from further proceeding to forfeit a certain automobile that had been seized by officers of the Alcoholic Tax Unit of the Internal Revenue Service of the United States, upon which automobile the plaintiffs claimed a lien, and to require the officers of the Government to conduct the forfeiture proceedings against said automobile under section 1620, U.S.C.A., title 26 instead of section 1624, U.S.C.A., title 26, under which latter section said automobile had been declared forfeited.

An amended bill of complaint was filed in May, 1936. The defendants appeared and filed a written motion to dismiss the bill and after argument the court below on January 21, 1937, entered an order sustaining the motion to dismiss and dis-

missing the bill. From this action this appeal was brought.

In October, 1935, the plaintiff sold the automobile in question to one Max Lashuk and reserved a lien on the car for that part of the purchase price that was unpaid. The lien was duly recorded. In November, 1935, Government agents seized the automobile when they found it on the premises where they also seized a still, mash, intoxicating liquor, and property used in the illegal manufacture of whisky.

The automobile was appraised as being worth $485 and proceedings were had to forfeit it under section 1624, U.S.C.A., title 26. Forfeiture of the car, after advertisement as required by the statute, was declared on January 20, 1936, and by authority of title 3 of the Liquor Law Repeal and Enforcement Act, approved August 27, 1935 (section 301 et seq. [40 U.S.C.A. § 304f, et seq.]), was turned over to the Treasury Department of the United States on April 1, 1936, for the use of the Alcohol Tax Unit. The plaintiffs had full knowledge of the forfeiture proceedings but took no action with regard to them.

The question presented here is whether the Government agents had the right to proceed against the seized automobile in the manner which they did, and if they did not have such right, are the plaintiffs entitled to the relief prayed for?

Section 1624, U.S.C.A., title 26, plainly provides that "any goods, wares, or merchandise" seized as being subject to forfeiture under any provisions of the Internal Revenue Laws, of the appraised value of $500, or less, should be proceeded against as was admittedly done here.

This method of proceeding against seized property of the value of $500, or less, was an exclusive method and Congress undoubtedly had the right to make this provision. Fisburn v. Jackson (D.C.) 55 F.(2d) 934, and cases there cited.

The proceedings had were regular and the plaintiffs had personal notice of them. They chose to stand idle and allow the forfeiture to be prosecuted to a conclusion without availing themselves of the remedies provided by the statute.

It is contended on behalf of the plaintiffs that both the seizure of the automobile and the proceeding to forfeit it were unlawful. Section 1624, U.S.C.A., title 26, subsec. (c), provides that any person claiming seized articles can, by the giving of a bond of $250, have the forfeiture proceedings thrown into court. This the plaintiffs refused to do, although notified of their right by letter, and no claim is made that they were not able to give the small bond required. By this course the plaintiffs forfeited their right to the relief they now ask. Fisburn v. Jackson, supra; United States v. One Hudson Sedan (D.C.) 16 F.Supp. 895; United States v. Chicelli (D.C.) 10 F.Supp. 900.

In this view of the case, which we think the proper one, all questions as to the legality of the seizure and the forfeiture proceedings that followed become immaterial.

Under the circumstances existing here plaintiffs cannot ignore the plain remedy provided by congress and then invoke the aid of a court of equity.

The order of the court below dismissing the cause is affirmed.

Affirmed.