766

Joseph Aronstein, of New York City, for petitioner.

James B. M. McNally, U. S. Atty., of New York City (Harold J. McAuley, of New York City, of counsel), for respondent.

HULBERT, District Judge.

By petition and notice, Charles Colacicco brought on a motion for an order vacating the seizure and forfeiture of an automobile owned by him and directing the return thereof.

The court directed that a hearing for the presentation and determination of the questions of fact and law should be had.

Upon such hearing it was conceded by the petitioner that he had been arrested on June 1, 1942 as a participant in an alleged conspiracy within the jurisdiction of this court, had waived examination and was admitted to bail.

It is further conceded by the United States Attorney that no presentation has yet been made to the Grand Jury of this district.

Petitioner was the owner of an automobile, 1941 Model Chevrolet Business Coupe, Motor #AC 164463, Manufacturer's #2 AG 06-39687, bearing Registration or License #5D 5149,1942, N.Y., issued to petitioner by the State of New York.

Immediately following petitioner's said arrest, the aforementioned automobile was seized by the Alcohol Tax Unit of the Treasury Department of the United States of America in the City of Middletown, New York, which is within the jurisdiction of this court.

The aforementioned seizure was made by reason of the alleged use of said automobile for the transportation therein of fuel oil used in violation or violations of the Internal Revenue Law. 26 U.S.C.A. Internal Revenue Code, § 3720.

Proceedings to enforce such forfeiture shall be in the nature of a proceeding in rem in the district court of the United States for the district where such seizure is made, Sec. 3723, except when in the opinion of the Collector making the seizure, the article seized is of the appraised value of $500 or less, the Collector shall proceed as follows:

Sec. 3724 "(a) He shall cause a list containing a particular description of the goods, wares, or merchandise seized to be prepared in duplicate, and an appraisement thereof to be made by three sworn appraisers, to be selected by him, who shall be respectable and disinterested citizens of the United States residing within the collection district wherein the seizure was made."

This course of procedure was followed and the appraisers determined the value of the automobile to be $475.

"(b) * * * the said collector * * * shall publish a notice, for three weeks, in some newspaper of the district where the seizure was made, describing the articles, and stating the time, place, and cause of their seizure, and requiring any person claiming them to appear and make such claim within thirty days from the date of the first publication of such notice."

This will be presumed to have been done.

"(c) Any person claiming the goods, wares, or merchandise so seized, within the time specified in the notice, may file with the said collector * * * a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250, with sureties to be approved by the said collector, * * *, conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bond to the collector * * * he shall transmit the same, with the duplicate list or description of the goods seized, to the United States district attorney for the district, and said attorney shall proceed thereon in the ordinary manner prescribed by law."

"(d) If no claim is interposed and no bond is given within the time above specified, the collector * * * shall give ten days' notice of the sale of the goods, wares, or merchandise by publication, and, at the time and place specified in the notice, shall sell the articles so seized at public auction."

"(e) After deducting the expenses of appraisement and sale, the collector * * * shall deposit the proceeds to the credit of the Secretary."

"(f) Within one year after the sale of any goods, wares, or merchandise, as provided * * * any person claiming to be interested in the property sold, may apply to the Secretary for a remission of. the forfeiture thereof, * * * and a restoration of the proceeds of the sale."

"(g) If no application for restoration of the proceeds is made within one year, * * * the Secretary shall, at the expiration of the said time, cause the proceeds of the sale of the said property to be distributed according to law, as in the case of goods, wares, or merchandise condemned and sold pursuant to the decree of a competent court."

The petitioner never made any claim and never filed any bond. He did apply for a remission of the forfeiture which was denied.

It should be stated that the Collector did not advertise and sell the automobile as contemplated by the statute hereinbefore referred to.

Petitioner contends that he has been and is, illegally deprived of his automobile.

It is urged by the United States Attorney that the disposition of the automobile was made by assignment of its use for governmental purposes in accordance with the provisions of 40 U.S.C.A. § 304h, which reads as follows:

"In the event that any property seized by any agency is or has been forfeited to the United States otherwise than by court decree, it may, in the event that the property is not ordered by competent authority to be returned to any claimant, and in lieu of being disposed of as otherwise provided by law (including advertisement for sale, and sale), be retained by such agency and devoted to official use only."

It is contended by the petitioner, and he offered proof through the testimony of an expert, that the market value of the automobile, which cost $878.48 new, August 11, 1941, was worth in excess of $500, between $600 and $700, at the time of seizure. But the intent of the statute must be considered as a guide and protection to the Collector; he could not very well base his action on a speculative value when the Congress provided for two distinct methods of procedure.

The petitioner is a retail ice dealer in Middletown, New York, during the summer season, and follows his trade of a furniture upholsterer in Florida in the winter.

The testimony on the hearing disclosed that upon his return to Middletown in the spring of 1942, he made clandestine purchases through the medium of a garage proprietor, of fuel oil, and delivered it to a neighboring farm where an illegal still was in operation. The question of his guilt or innocence is not the subject matter of this proceeding, but there was rea-

768

sonable probable cause for the Alcohol Tax Unit of the Treasury Department to have seized the automobile. The proceedings thereafter taken appear to have been regular.

The case of United States v. Specified Quantities of Intoxicating Liquors et al., 7 F.2d 835, relied upon by the petitioner clearly is not in point.

In that case a libel by the United States for forfeiture was filed. The appeal was taken by the Government from an order directing the return of the liquor to claimant J. B. Bindell Company. Prohibition agents, under a search warrant issued by a United States Commissioner, pursuant to the provisions of the so-called Volstead Act, 27 U.S.C.A. § 1 et seq., had entered upon Bindell's premises, seized the alcohol and certain apparatus, and made return of said seizure.

Section 25 of Title 2 of the statute, 27 U.S.C.A. § 39, provided for such a search warrant, and also declared that "property so seized shall be subject to such disposition as the court may make thereof."

The libel was filed against that which had been seized. The prayer of the libel was that the District Court would issue its process to the end that the property which had been seized might be "condemned by decree of forfeiture and the proceeds thereof distributed according to law." The court assumed that process thereupon issued and the United States marshal took physical possession of the alcohol and other articles. Practically simultaneously, on application of the claimant, the United States Commissioner vacated the search warrant as unlawful and the Government took no steps to appeal from or otherwise review the Commissioner's action.

Consequently, the court had jurisdiction of the subject matter and of the public official who, presumptively at least, had possession of and could be directed to return the subject of the seizure.

In this proceeding the court has no jurisdiction over the officers who made the seizure, or the party who now concededly has the possession of the automobile, nor the property itself, and therefore could not direct the return thereof. Cf. Goldman v. American Dealers Service, Inc., D.C., 49 F.Supp. 933, affirmed 2 Cir., 135 F.2d 398.

The petition must be dismissed.