## COLACICCO v. UNITED STATES.
### No. 379.
Circuit Court of Appeals, Second Circuit.
May 19, 1944.

Robert Aronstein, of New York City, for appellant.

Earle N. Bishopp, of Brooklyn, N. Y., and James B. M. McNally, U. S. Atty. for Southern District of New York, of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

Colacicco appeals from an order denying his petition to vacate the seizure of his motor car. The District Supervisor of the Alcohol Tax Unit for the District of New York—an official of the Bureau of Internal Revenue of the Treasury—seized the car on June 1, 1942 in the City of Middletown, New York, for the carriage of fuel oil in violation of the Internal Revenue Law. The Director had the car appraised in accordance with § 3724(a) of 26 U.S.C.A. Int.Rev.Code, and the appraisers found its value to be $475. Thereupon, we assume (although the record is silent), the notice required under § 3724 (b) to appear and claim the car within thirty days, was duly published. Colacicco defaulted, but the car was not sold in accordance with § 3724(d); instead, it was assigned for use for government purposes in accordance with § 304(h) of 40 U. S.C.A. Colacicco raises no question as to the legality of the seizure, or that the car was assigned to government use after its forfeiture, instead of being sold; but he asserts that § 3724(c) of 26 U.S.C. A. Int.Rev.Code, is unconstitutional in requiring him to post a bond in the sum of $250 to secure the costs and expenses of any proceedings to condemn the car, as a condition upon his right to contest the propriety of the seizure. He began the proceeding at bar by filing a petition in the district court, and giving written notice of motion to the United States Attorney; the motion came on to be heard before the judge, who dismissed the petition because the forfeiture was within the terms of the statute.

Colacicco relies upon our holding in Re Behrens, 2 Cir., 39 F.2d 561, that when the collector—or any similar officer—seizes property, forfeitable for violation of the revenue laws, the owner may move in the district court to compel him to file a libel of information to forfeit the seized goods; and that, if the collector fails to proceed within the time set, he must return the goods. This procedure we have twice since recognized.

In re No. 32 East Sixty-Seventh Street, 2 Cir., 96 F.2d 153, 156; Goldman v. American Dealers Service, 2 Cir., 135 F. 2d 398. The argument is that § 3724 of Title 26 is unconstitutional, because it deprives the owner of any power to contest the merits of the seizure, whenever the value of the property is appraised at less than $500, unless he posts the required bond for costs. Colacicco does not suggest that he is unable to post such a bond; and we shall assume, arguendo, that, if he had obtained leave to proceed in forma pauperis under § 832 of 28 U.S.C.A., he would have been relieved of the condition. The case comes before us, therefore, barely upon the question whether it is a denial of due process of law to the owner of property, appraised at less than $500, to require the bond, in cases where he is able to post one.

Section 3724 of 26 U.S.C.A. Int.Rev. Code, made its first appearance on the statute book just a century ago, as Chapter VIII of the Laws of the 28th Congress, 5 Stat. 653. It was in substance the same then as now, except that the value was set at $100. Section 63 of the Revenue Act of 1866, 14 Stat. 169, incorporated it, raising the value to $300; and in 1872 this was again raised, this time to $500, 17 Stat. 257. Thence it passed into the Revised Statutes, § 3460, and finally into the Code. Judge Wallace upheld it in McGuire v. Winslow, C.C., 26 F. 304, nearly sixty years ago; and so did the Fourth Circuit in 1937. Milkint et al. v. Morganthau, 92 F.2d 266. The district courts have enforced it several times. In re Commercial Investment Trust Corporation, D.C., 28 F. 2d 50; Fisburn v. Jackson, D.C., 55 F.2d 934, 936; United States v. Chicelli, D.C., 10 F.Supp. 900; United States v. One Hudson Sedan, D.C., 16 F.Supp. 895. We think it clearly constitutional, for there is a sound reason for making an exception in cases where the property seized is of little value. The section applies to forfeitures for violations of the Revenue Laws, and therefore presupposes that the Treasury has suffered some loss. True, a forfeiture is primarily punitive, but it has a remedial aspect as well, though the loss is ordinarily unascertained, and may indeed be unascertainable. It would indeed have been fair to provide that a claimant should always be obliged to secure the Treasury against the expense of a proceeding which turned out to have been unnecessary, be-

cause the seizure was warranted; at least, in cases where it was within his power to do so. But the occasion for such a condition becomes more pressing in proportion as the value of the property grows less, and as with it the chance increases that the putative loss may not be covered. This is what the section was designed to meet, and its sole effect. As we have already suggested, we reserve the point whether a claimant, who makes out a prima facie case against the forfeiture, and is financially unable to post a bond, will be absolved from that necessity.

Order affirmed.