## DE BONIS v. UNITED STATES.
### Civ. No. 9167.

United States District Court
W. D. Pennsylvania.
Feb. 25, 1952.

120

---

William J. Joyce and Martin E. Cusick (of Wiesen, Cusick & Madden) Sharon, Pa., for plaintiffs.

W. Wendell Stanton, for Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This action was instituted by Rocco De-Bonis against the United States on October 25, 1950, to recover damages for the illegal seizure and sale of a 1½ ton Ford hoist dump truck, 1933 model.

It was agreed by counsel that the plaintiff was the owner and legally possessed of this truck, and that on May 19, 1948 representatives of the Alcohol Tax Unit seized it from the premises of plaintiff in the City of Sharon, Mercer County, Pennsylvania.

At Civil Action No. 7208 in this Court plaintiff filed a petition for the return of his truck. On September 15, 1948 this petition was dismissed. The memorandum filed [1] stated: "The rights of the plaintiff will be adjudicated in forfeiture proceedings as provided by the Internal Revenue Laws, 26 U.S.C.A. § 3724." That section was applicable because the truck

---

[1.] This memorandum filed by Judge Gibson also stated that "(t)he facts concerning the government's seizure of the truck are the same as those in the case of Anthony DeBonis v. Charles W. Condon, No. 7209, and the same law applies." No. 7209 involved a Plymouth coupe which

evidently was valued at more than $500 because it was condemned by libel proceedings pursuant to Sec. 3116, 26 U.S. C.A. See United States v. Plymouth Coupe, D.C., 88 F.Supp. 93, reversed at 3 Cir., 182 F.2d 180.

was appraised at less than $500. Counsel asserts that Rocco "had the right to assume" that his rights in the truck would be adjudicated in the case involving Anthony's rights in the Plymouth. In our view this assumption was not warranted by the memorandum.

Section 3724 provides that in cases of seizure of chattels subject to forfeiture under the Internal Revenue Laws and which are appraised at a value less than $500, any person claiming the said chattels may file with the Collector a claim, stating his interest therein, and may execute a bond to the United States in the penal sum of $250, with sureties, etc., conditioned that, in case of condemnation, the obligors shall pay the costs of the proceeding to obtain condemnation; thereupon the Collector shall transmit the bond with a list of the goods seized to the United States District Attorney, who shall proceed thereon in the ordinary manner prescribed by law, i. e., filing libel for forfeiture. The Act provides that when no claim is interposed and no bond is given, the Collector shall sell the chattels so seized at public auction and after deducting expenses, deposit the proceeds to the credit of the Secretary of the Treasury. Within one year after the sale, the party interested may apply to the Secretary for a remission of the forfeiture and a restoration of the proceeds of sale, which may be granted by the Secretary under certain conditions. ·

█ The plaintiff here did not file a claim under this section of the Act to which the learned Judge referred and the truck was duly sold; neither has he filed with the Secretary a petition for remission. Since he failed to contest the forfeiture in the manner directed by the law he cannot now claim that the truck was not legally forfeited.[2]

█ It was stipulated (although Government's counsel did not think it material) that "the facts with relation to the seizure of the Plymouth shall also apply to the seizure of the truck." The Plymouth was seized by representatives of the Alcohol Tax Unit without a warrant. See D.C.W. D.Pa.1950, 88 F.Supp. 93, and 3 Cir., 1950, 182 F.2d 180. Therefore, we find that plaintiff's Ford truck was also illegally seized on May 19, 1948 by employees of the Government acting within the scope of their employment, but because plaintiff did not avail himself of his statutory remedy, the adjudication of forfeiture in the summary forfeiture proceedings is conclusive *that the vehicle had been used in violation of the Internal Revenue Laws.*

█ Our reason for thus concluding is that Congress who set forth in the forfeiture acts the specific manner in which the issues of illegal seizure and forfeiture should be litigated, did not intend that these issues should be litigated under the general provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. See The Motor Boat No. L–7869, 3 Cir., 1927, 21 F. 2d 594.

█ Also, it is clear that a sale of seized property pursuant to Section 3724 is, in legal effect and operation, equivalent to a sale under judicial decree of forfeiture. See McGuire v. Winslow, C.C.N. D.N.Y.1886, 26 F. 304, cited in The Motor Boat No. L–7869, supra, where it was said that the Collector's sale "had the force and effect of a sale under a judicial decree of condemnation, and effectually concluded the rights of all persons interested in the property." These cases arose under the Tariff Act,[3] subsequently repealed, but the provisions thereof were similar to Section 3724, 26 U.S.C.A. Section 3724 was dealt with in the case of Milkint v. Morgenthau, note 2, supra [4 Cir., 92 F.2d 267], in which plaintiffs sought to enjoin the Secretary of the Treasury from proceeding with the forfeiture of an automobile seized by members of the Alcohol Tax Unit. The Court, in remarks pertinent to the instant case, said:

2. See Milkint v. Morgenthau, 4 Cir., 1937, 92 F.2d 266.

3. Act Sept. 21, 1922, c. 356, Title IV, Sections 602–614, 42 Stat. 984–987; repealed by Act June 17, 1930, c. 497, Title IV, Sec. 651(a) (1), 46 Stat. 762.

"This method of proceeding against seized property of the value of $500, or less, was an *exclusive method* and Congress undoubtedly had the right to make this provision. * * *

"The proceedings had were regular and the plaintiffs had personal notice of them. They chose to stand idle and allow the forfeiture to be prosecuted to a conclusion without availing themselves of the remedies provided by the statute.

"It is contended on behalf of the plaintiffs that both the seizure of the automobile and the proceeding to forfeit it were unlawful. Section 1624, U.S.C.A., title 26 subsec. (c) (now Section 3724, U.S.C.A., title 26, subsec. (c)), provides that any person claiming seized articles can, by the giving of a bond of $250, have the forfeiture proceedings thrown into court. This the plaintiffs refused to do, although notified of their right by letter, and no claim is made that they were not able to give the small bond required. By this course the plaintiffs forfeited their right to the relief they now ask. * * *

"In this view of the case, which we think the proper one, all questions as to the legality of the seizure and the forfeiture proceedings that followed become immaterial." (Emphasis added).

■ Hence, we are constrained to agree with the Government's counsel that the illegal seizure here is immaterial. By virtue of the declaration of forfeiture in that uncontested proceeding this Court is bound to presume that plaintiff's Ford truck *had been used in violation of the Internal Revenue Laws*. If plaintiff had contested that proceeding the Government would have had the opportunity as well as the burden to prove that this truck—as was established in the case of the Plymouth coupe—had been used illegally in connection with the still. There was no evidence at the hearing in this case which tended to overcome the presumption. Therefore, we find that prior to the illegal seizure the truck had been illegally used, that under §

3116, 26 U.S.C.A., plaintiff had no property rights therein, and that all the property rights, including the right of possession, had already vested in the United States. As was held in Anthony DeBonis v. United States, D.C.W.D.Pa.1952, 103 F.Supp. 123, in such circumstances any damage which plaintiff has suffered from the loss of the truck is damnum absque injuria.

■ Moreover, as in Anthony's case, we think the cause of action arose on May 19, 1948, the date of the wrongful seizure; 54 C.J.S., Limitations of Actions, § 177(5). In this case the Government contends, and we agree, that the action commenced on October 25, 1950 was barred. Section 2401, 28 U.S.C.A.

■ The Federal Tort Claims Act creates the right of action and fixes the period within which the enforcement action must be commenced. When that period expired, here on May 19, 1950, the right of action, remedy, and the corresponding liability were extinguished and the Court has no jurisdiction to entertain the suit. See Problems Under The Federal Tort Claims Act, by the Honorable Leon R. Yankwich, J. D., L.L.D., 9 F.R.D. 143, at pages 152–154; and Adams v. Albany, D.C.S.D.Cal. 1948, 80 F.Supp. 876; Carpenter v. United States, 2 Cir., 1932, 56 F.2d 828; Compagnie Generale Transatlantique v. United States, 2 Cir., 1931, 51 F.2d 1053; Stubbs v. United States, D.C.M.D.N.C.1938, 21 F. Supp. 1007.[4]

Even if the operation of Section 2401 could be suspended pending the summary forfeiture proceeding, it appears that after due notice the declaration of forfeiture was entered on July 1, 1948.

In Anthony's case we were not requested to apply the Statute. Anthony did not discover until after prolonged litigation that the forfeiture proceedings were invalid. But in the case here plaintiff should have known that the truck had been forfeited on July 1, 1948. When he failed to invoke his statutory remedy even after Judge Gib-

4. See also Finn v. United States, 1887, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; McMahon v. United States, 3 Cir., 1950, 186 F.2d 227, 229, note 3; Kruhmin v. United States, 3 Cir., 1949, 177 F.2d 906; Wallace v. United States, 2 Cir., 1944, 142 F. 2d 240, 242.

son pointed it out to him on September 15, 1948, he lost any equitable claim he might otherwise have had for postponing the condition imposed by the Act.

Appropriate findings and conclusions will be filed herewith.

### Findings of Fact

1. Rocco DeBonis, the plaintiff, brought suit against the United States under the Federal Tort Claims Act to recover damages for the loss of a 1½ ton Ford hoist dump truck which he owned and possessed prior to October, 1947.

2. On May 19, 1948, employees of the United States wrongfully seized this vehicle without a warrant while acting in the scope of their employment.

3. The truck was appraised at less than $500, notices were published, forfeiture was declared on July 1, 1948, and it was sold administratively on January 24, 1949 pursuant to Section 3724, Title 26, U.S.C.A. The plaintiff failed to file a claim or post a cost bond as provided in this section of the statute.

4. Plaintiff's complaint was filed on October 25, 1950.

### Conclusions of Law

1. The complaint was filed more than two years after plaintiff's cause of action accrued and the Court is without jurisdiction.

2. Assuming that the Court had jurisdiction, plaintiff is bound by the summary forfeiture proceeding. Being so bound, presumably the vehicle involved was theretofore used to violate the Internal Revenue Laws and, therefore, at that time all the property rights therein, including the right of possession, were forfeited and vested in the United States.

3. Plaintiff had no property rights in the motor vehicle at the time it was illegally seized by the employees of the United States.

4. The plaintiff failed to make out a case that would entitle him to damages under the Federal Tort Claims Act.

5. The complaint should be dismissed with prejudice at the cost of the plaintiff.