**Sol NEWSTEAD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 66 C 245(2).**

United States District Court-
E. D. Missouri, E. D.

Aug. 25, 1966.

Sol Newstead, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is pending upon the motion of defendant to dismiss.

Plaintiff's petition, the essential parts of which are set out below, named the United States as defendant and sought a writ of replevin to effect the return of plaintiff's gun, allegedly seized by revenue agents.

The petition states in paragraph I:

> "That on or about June 1st 1966 two agents of the Tobacco Alcohol Tax Division did illegally and unlawfully seize a 25 caliber gun without a warrant, and over my legal objection."

In paragraph II, plaintiff alleges that a U. S. Attorney spoke these words to him:

> "Sol regardless of who gets the gun I will not prosecute you, I am certain you thought you were right."

And in the last paragraph of his petition, plaintiff asked the Court for an "order against Mr. W. E. Bergfelder Chief of the Eastern Division of Missouri for the Tobacco Alcohol and Tax Division to return my property. According to the Constitution of the United States, Amendment 14th and the common laws of our land."

Defendant, United States of America, appearing by the United States Attorney for the Eastern District of Missouri, has moved for dismissal of the complaint on the grounds that the United States, a corporation sovereign, has not given its necessary consent to a suit of this nature.

This action must be dismissed. The Court has no jurisdiction to entertain a suit against the United States to which Congress has not given its consent. And no consent has been given here.

It has always been and still continues to be the rule in the United States that the government cannot be sued as such without the consent of Congress. 77 Harv.L.Rev. 1 (1963). Without consent by legislative enactment, the courts have no jurisdiction of the defendant sovereign. Bigby v. United States, 188 U.S. 400, 23 S.Ct. 468, 47 L.Ed. 519 (1903); Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

Plaintiff seeks a common law remedy for the tort of conversion. Judging by the petition, the seizure complained of occurred while the officers were attempting to enforce the revenue laws. There is no United States statute by which Congress has consented to this kind of tort action. See Vorachek v. United States, 337 F.2d 797 (8 Cir. 1964). 28 U.S.C. § 1346 sets out the conditions under which the district courts have jurisdiction of actions against the United States. The Federal Tort Claims Act gives government consent to certain kinds of tort suits. 28 U.S.C. § 1346 (b). But 28 U.S.C. § 2680(c) excepts from the application of § 1346(b) any claim arising out of the detention of goods by any law enforcement officer. 28 U.S.C. § 1346(a) (2) gives the district courts original jurisdiction of civil actions against the United States not exceeding $10,000 and founded either upon the Constitution, a statute, or an executive regulation. But this section has been found in one case not to apply to actions sounding in tort. Vorachek v. United States, supra. And it would not apply here in any case, since the plaintiff has not raised any constitutional issue or founded his claim on a statute or regulation.

Even if plaintiff were not suing the sovereign, 28 U.S.C. § 2463 precludes the granting of the exact relief plaintiff seeks:

> "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

This section has been found to give the district courts jurisdiction to force speedy administrative handling of any statutory forfeiture procedures that exist under revenue acts. In re Behrens, 39 F.2d 561 (2 Cir. 1930). But 26 U.S.C. § 7325 provides a detailed administrative procedure to be followed by those who have property worth less than $2500 seized under the Internal Revenue Code. And the court in Chesapeake Vending

Company v. DeCarlo, 237 F.Supp. 554 (D.C.Maryland 1965) ruled that it was an exclusive remedy. See Milkint v. Morgenthau, 92 F.2d 266, 267 (4 Cir. 1937). Since plaintiff has not shown that he has even attempted to use these procedures, no relief could be granted him if all other matters were in his favor.

Because plaintiff sued the sovereign United States of America without its consent, this Court must dismiss the action for lack of jurisdiction.