In re **BAMBULAS**
v.
**UNITED STATES.**
Civ. No. 69–103W.

United States District Court,
D. South Dakota, W. D.

Feb. 22, 1971.

Robert F. LaFleur, Rapid City, S. D., for plaintiff.

William F. Clayton, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

BOGUE, District Judge.

A lengthy history precedes the presentation of this matter before this court. On October 9, 1966 warrants of arrest were executed against Thomas Daniel Bambulas and Christ Bambulas in the District of South Dakota. Thomas was charged with transporting firearms in interstate commerce while under indictment, and Christ was charged with aiding and abetting the same offense. Later they were indicted by a grand jury. On the 17th of October, 1968, an order dismissing the indictment was issued by Axel J. Beck, United States District Judge, on motion made by the United States Attorney.

At the time of the arrest several firearms were taken from the possession of the parties charged. The Alcohol and Tobacco Tax Division of the Internal Revenue Service immediately initiated administrative proceedings to forfeit the firearms pursuant to 26 U.S.C. § 7325. They were appraised, proper notice was published and, additionally, notice was given to Thomas Bambulas in the form of a letter. No claim was filed within the allowed time and the firearms were declared forfeited by the Internal Revenue Service.

Following the dismissal of the indictment, the attorney for the defendants filed a motion requesting the return of the firearms. After hearing, Axel Beck, District Judge, issued an order denying the motion on the basis that the court was without jurisdiction to review the administrative forfeiture. The judge did grant a fifteen-day stay in which the defendants could attempt to reopen the administrative proceedings. No such attempt was made.

Subsequently a civil action was filed in the name of Christ Bambulas, whose claim is ultimately stated in an amended complaint. Basing jurisdiction on the Federal Tort Claims Act he is seeking return of the firearms or their reasonable value, alleging that the original taking was illegal and for that reason the forfeiture should be set aside. The government moved to dismiss and, at the hearing, attorney for plaintiff, Bambulas, modified his argument and contended that the taking was improper because of the failure to show proof of a violation as a prerequisite of the forfeiture.

Most of the statutory provisions applicable to this situation have been repealed and are now covered under Title 18. 15 U.S.C. § 902(e) sets out the crime with which the defendants in the criminal action were charged, and § 905(b) provides:

Any firearm or ammunition involved in any violation of the provisions of this chapter or any rules or regulations promulgated thereunder shall be subject to seizure and forfeiture, and all provisions of Title 26 relating to the seizure, forfeiture, and disposition of firearms as defined in section 2733 of Title 26 shall, so far as applicable, extend to seizures and forfeitures incurred under the provisions of this chapter.

The procedures applicable here are set out at 26 U.S.C. § 7325. The statute provides that the property to be forfeited should be appraised and, if determined to have a value of less than $2,500, notice should be published requiring

any claimant to appear within 30 days. If claim is made within that time the United States Attorney must proceed to a judicial determination. If no one makes claim within the prescribed time the property is forfeited.

■■■ The jurisdiction of this court in the matter before it is of issue. It is clear that a district court has no jurisdiction to entertain a motion for return of the property if the moving party has failed to make claim within the time allowed in the administrative proceedings. Without proper claim neither the property nor the officials holding it are brought before the court in the manner prescribed by statute, which is the only way the court can have jurisdiction. United States v. Filing, 410 F.2d 459 (6th Cir. 1969); United States v. Amore, 335 F.2d 329 (7th Cir. 1964); Newstead v. United States, 258 F.Supp. 250 (E.D.Mo.1966); Application of Colacicco, 55 F.Supp. 766 (S.D.N.Y.1943) cert. den. 323 U.S. 763, 65 S.Ct. 116, 89 L.Ed. 611.

■ The plaintiff here in his amended complaint attempts to base jurisdiction on the Federal Tort Claims Act. A similar attempt was made in the case of DeBonis v. United States, 103 F.Supp. 119 (W.D.Pa.1952). The court held there was no jurisdiction stating:

> Our reason for thus concluding is that Congress who set forth in the forfeiture acts the specific manner in which the issues of illegal seizure and forfeiture should be litigated, did not intend that these issues should be litigated under the general provisions of the Federal Tort Claims Act. 103 F. Supp. at 121.

28 U.S.C. § 2680(c) specifically excepts claims arising from the detention of goods or merchandise by any officer of customs or excise or any law enforcement officer. Newstead v. United States, 258 F.Supp. at 251 (E.D.Mo. 1966). In view of that, this court must conclude it has no jurisdiction under the Federal Tort Claims Act.

28 U.S.C. § 1346(a) (2) gives district courts original jurisdiction of civil actions against the United States founded upon the Constitution, a statute, or an executive regulation. The complaint of the plaintiff does not allege jurisdiction under this statute and the court does not believe the allegations are properly presented so as to come within this jurisdictional grant. For purposes of examining the allegations the court will, however, assume there is basis for jurisdiction.

This examination must necessarily be preceded by a review of the basic law involving forfeitures. Forfeiture existed at common law but differed from statutory forfeiture in that a judgment of conviction was required as a prerequisite. In this country forfeiture exists only by virtue of a statute and is generally accomplished by an in rem proceedings independent of the criminal proceedings. It is civil in nature and does not depend upon a conviction of the individual offender unless provided for by the statute. This has at times brought into issue whether the particular wording or phrasing of a forfeiture statute requires a prior conviction. 3 A.L.R.2d 738.

■ The plaintiff in this case contends that the complete forfeiture proceeding was illegal and improper. In his brief he states that proof of the violation is required as a prerequisite to forfeiture and cites King v. United States, 364 F.2d 235 (5th Cir. 1966), as authority for his contention. The *King* case involves the attempt of the government to gain ownership of the weapons used by Lee Harvey Oswald in his misdeeds. Their contention was that the purchase of the weapons by Oswald was contrary to the provisions of the Federal Firearms Act and, therefore, they were subject to forfeiture under the same provisions as the instant case. The court, in its opinion states, "The first requisite under this forfeiture statute is that a violation of this particular act be established."

Plaintiff's contention that proof of the violation is required as a prerequisite to forfeiture can be interpreted in two different ways.

The literal interpretation would be to say that, because the government had proceeded summarily and forfeited the property in the manner in which they did, no actual proof of the violation was ever offered as required by 15 U.S.C. § 905(b) and the *King* case. Such a contention cannot stand under either provision. The requirement set out by the *King* case is inapplicable in this situation because there is a factual difference which distinguishes the two situations. In the *King* case a claim had been filed within the time alloted after advertising and the court is referring to that circumstance only. The statutory requirement of proof is disposed of in the case of DeBonis v. United States, where the court stated:

> Because plaintiff did not avail himself of his statutory remedy, the adjudication of forfeiture in the summary forfeiture proceedings is conclusive that the vehicle had been used in violation of the Internal Revenue Laws. 103 F.Supp. at 121.

It can be said that if the person has not pursued the remedy prescribed by statute he has waived the statutory requirement of proof.

The other interpretation of plaintiff's contention would be to assume that he construed the *King* decision to mean that "proof of violation" and "conviction of violation" are one and the same, i.e. the only real proof of violation is a conviction in court. The Fifth Circuit court did not specifically state their position, but a full reading discloses that such a construction would be invalid. The court, after stating that proof of violation was necessary, went on to determine if the evidence in the forfeiture proceeding of the trial court was sufficient to show violation. The unusual circumstances of the case made it impossible for an actual conviction to ever be had. Therefore the *King* case cannot be used as authority for the contention that a conviction is a prerequisite to forfeiture.

After full consideration of the arguments, briefs and authorities on this case the court is compelled to conclude that it has no jurisdiction to consider this case and requests that the government prepare an order granting the motion for dismissal. Additionally, the authorities do not support the allegations of the plaintiff if they could and had been properly presented before this court.

The foregoing shall constitute the court's findings of fact and conclusions of law in this case.