**Mary Ann VADEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 75-0025(D).**

United States District Court, W. D. Virginia, Danville Division.

June 13, 1975.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

John W. Carter, Carter & Wilson, Danville, Va., for plaintiff.

OPINION and JUDGMENT

DALTON, District Judge.

Plaintiff, Mary Ann Vaden, has brought this action to enjoin the sale of certain firearms that she alleges she owns and an agent of the Bureau of Alcohol, Tobacco and Firearms, Department of the Treasury, illegally seized. She further seeks to have these firearms returned to her.

The firearms were seized on June 27, 1974 because of violations of Chapter 53 of the Internal Revenue Code, 26 U.S.C. § 5801 *et seq.*, which requires the payment of taxes on and the registration of certain firearms.

The firearms were declared forfeited under 26 U.S.C. § 5862(a). That section provides that "[a]ny firearm involved in any violation of the provisions of this chapter [Chapter 53] or any reg-

**164**

ulation promulgated thereunder shall be subject to seizure and forfeiture, and . . . all the provisions of the internal revenue laws relating to . . . forfeiture of unstamped articles are extended to and made to apply to the articles under this chapter . . . ."

■■ The basic provision of the internal revenue laws dealing with forfeiture procedures for property valued at less than $2500, as was the property seized in this action, is 26 U.S.C. § 7325. That section provides that before a court can adjudicate the legality of a seizure and forfeiture of property, the person claiming an interest in the property seized must execute a bond to the United States in the amount of $250.[1] Failure by a person to follow this proce-

dure within thirty days from the first date notice of seizure and forfeiture of the property is published constitutes a waiver of the right to contest the forfeiture in this court. *DeBonis v. United States*, 103 F.Supp. 123 (W.D.Pa.1952). This administrative procedure is the exclusive method to attack the propriety of the seizure and forfeiture. *Milkint v. Morgenthau*, 92 F.2d 266 (4th Cir. 1937); *Chesapeake Vending Company v. DeCarlo*, 237 F.Supp. 554 (D.Md.1965). Because the plaintiff failed to follow these procedures, this court is without jurisdiction to entertain this action and must therefore dismiss it. *Milkint v. Morgenthau, supra; Newstead v. United States*, 258 F.Supp. 250 (E.D.Mo.1966). The case is accordingly dismissed.

1. 26 U.S.C. § 7325 provides:

§ 7325. Personal property valued at $2,500 or less

In all cases of seizure of any goods, wares, or merchandise as being subject to forfeiture under any provision of this title which, in the opinion of the Secretary or his delegate, are of the appraised value of $2,500 or less, the Secretary or his delegate shall, except in cases otherwise provided, proceed as follows:

(1) List and appraisement.—The Secretary or his delegate shall cause a list containing a particular description of the goods, wares, or merchandise seized to be prepared in duplicate, and an appraisement thereof to be made by three sworn appraisers, to be selected by the Secretary or his delegate who shall be respectable and disinterested citizens of the United States residing within the internal revenue district wherein the seizure was made. Such list and appraisement shall be properly attested by the Secretary or his delegate and such appraisers. Each appraiser shall be allowed for his services such compensation as the Secretary or his delegate shall by regulations prescribe, to be paid in the manner similar to that provided for other necessary charges incurred in collecting internal revenue.

(2) Notice of seizure.—If such goods are found by such appraisers to be of the value of $2,500 or less, the Secretary or his delegate shall publish a notice for 3 weeks, in some newspaper of the district where the seizure was made, describing the articles and stating the time, place,

and cause of their seizure, and requiring any person claiming them to appear and make such claim within 30 days from the date of the first publication of such notice.

(3) Execution of bond by claimant.—Any person claiming the goods, wares, or merchandise so seized, within the time specified in the notice, may file with the Secretary or his delegate a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250, conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bond to the Secretary or his delegate, he shall transmit the same, with the duplicate list or description of the goods seized, to the United States attorney for the district, and such attorney shall proceed thereon in the ordinary manner prescribed by law.

(4) Sale in absence of bond.—If no claim is interposed and no bond is given within the time above specified, the Secretary or his delegate shall give reasonable notice of the sale of the goods, wares, or merchandise by publication, and, at the time and place specified in the notice, shall, unless otherwise provided by law, sell the articles so seized at public auction, or upon competitive bids, in accordance with such regulations as may be prescribed by the Secretary or his delegate.